J-S13032-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RANDY LEE POOLE | |
| Appellant | Nos. 1391 AND 1392 WDA 2014 |

Appeal from the Order Entered August 12, 2014
In the Court of Common Pleas of Warren County
Criminal Division at Nos: CP-62-CR-0000012-2013 and CP-62-CR-0000013-2013

BEFORE:  BENDER, P.J.E., MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 24, 2015**

Appellant, Randy Lee Poole, appeals from the August 12, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Counsel has filed a petition to withdraw in accordance with *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  We affirm the order and grant the petition to withdraw.

On January 31, 2013, Appellant pled guilty to third degree murder, burglary, and unlawful possession of a firearm at Warren County docket

number 12 of 2013.[1]  At docket number 13 of 2013, he pled guilty to fleeing or attempting to elude a police officer.[2]  On March 15, 2013, the trial court imposed an aggregate 33 to 66 years of incarceration comprised of consecutive, standard range sentences.  In imposing sentence for the murder conviction, the trial court considered an enhanced guideline range based on Appellant's use of a deadly weapon.  The minimum standard range sentence for Appellant's murder conviction was 20 years, and that is the minimum sentence the trial court imposed for that offense.  Appellant did not file a direct appeal, therefore his judgment of sentence was final thirty days later, on April 15, 2014.  *See* Pa.R.A.P. 903(a).

On June 30, 2014, Appellant filed a facially untimely *pro se* PCRA petition.[3]  The PCRA court appointed counsel on July 1, 2014.  Counsel did not file an amended petition.  On July 21, 2014, the PCRA court issued its Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without a hearing.  Appellant did not respond, and the PCRA court issued the order on appeal on August 12, 2014.

We first consider counsel's petition to withdraw.  ***Turner/Finley*** procedure requires the following:

---

[1]  18 Pa.C.S.A. §§ 2502(c), 3502(a)(1), 6105(a)(1), respectively.

[2]  75 Pa.C.S.A. § 3733(a).

[3]  Any PCRA petition must be filed within one year of the date on which the judgment of sentence becomes final.  42 Pa.C.S.A. §§ 9545(b)(1).

The ***Turner***/***Finley*** decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [...] then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

***Commonwealth v. Rykard***, 55 A.3d 1177, 1184 (Pa. Super. 2012).

We note that counsel offers what he deems to be an ***Anders*** Brief, pursuant to ***Anders v. California***, 386 U.S. 738 (1967). ***Anders*** applies to direct appeals and not to collateral review. This Court has made clear that a ***Turner***/***Finley*** no merit letter is the appropriate filing where counsel seeks to withdraw on collateral review. ***Commonwealth v. Reed***, 107 A.3d 137, ____ (Pa. Super. 2014) (citing cases). Nonetheless, "[b]ecause an ***Anders*** brief provides greater protection to a defendant, this Court may accept an ***Anders*** brief in lieu of a ***Turner***/***Finley*** letter." ***Id.*** Here, counsel's brief sufficiently details his review of the record and analysis of each issue Appellant seeks to raise. We therefore accept the brief as a no-merit letter. We further observe that counsel notified Appellant of his intentions in a letter, and advised Appellant of his right to proceed *pro se*. ***See Rykard***, 55 A.3d at 1184. Under these circumstances, we deem counsel's ***Turner***/***Finley*** filings sufficient.

Next, we consider jurisdiction. The PCRA court concluded it lacked jurisdiction because Appellant failed to file a timely petition. The PCRA's jurisdictional time bar requires a petitioner to file a petition within one year of the finality of the judgment of sentence. 42 Pa.C.S.A. § 9545(b)(1); **see Commonwealth v. Williams**, 105 A.3d 1234, 1249 (Pa. 2014) ("The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition."). As noted above, Appellant failed to do so. Appellant argues, pursuant to § 9545(b)(1)(i) and/or (iii),[4] that an exception to the PCRA's timeliness requirement applies. Appellant asserts his failure to file a timely petition was the result of government interference and/or that his petition is timely because the United States Supreme Court has recognized a

_____

[4] Section 9545(b)(1)(i) provides an exception to the one-year time bar where the petitioner pleads and proves: "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

Section 9545(b)(1)(iii) provides an exception where the Supreme Court recognizes an exception to the time bar where "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii).

Any petition filed pursuant to one of these subsections must be filed within 60 days of the first date on which the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

new constitutional right. Specifically, Appellant cites the United States Supreme Court's decision in **Alleyne v. United States**, 133 S. Ct. 2151 (2013), in which the Court held that any fact triggering an increased mandatory minimum sentence must be found beyond a reasonable doubt by the trier of fact. Appellant asserts he was unaware of **Alleyne** because of government interference – specifically the prison's failure to update its law library in a timely fashion. He further argues his petition is timely because **Alleyne** created new constitutional law that renders his sentence illegal. Appellant is incorrect on both counts.

In **Commonwealth v. Baldwin**, 789 A.2d 728, 731 (Pa. Super. 2001), this Court held that ignorance of a change in law does not excuse the failure to file a timely PCRA petition within sixty days of the date of filing of the applicable opinion. "Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." **Id.** As a result, Appellant's governmental interference argument fails.

Appellant's argument under § 9545(b)(1)(iii) fails under the plain language of that subsection. Section 9545(b)(1)(iii) expressly applies to changes in constitutional law that occur **after** the one-year deadline has expired. **Alleyne** was decided on June 17, 2013, only three months after Appellant's judgment of sentence became final. Appellant therefore cannot rely on § 9545(b)(1)(iii) as an exception to the one-year time bar.

Since Appellant has failed to plead and prove the applicability of an exception to the one-year jurisdictional time bar, the PCRA court correctly dismissed his petition for lack of jurisdiction. We observe, in addition, that Appellant could not obtain relief under **Alleyne** even if he filed a timely petition. As noted above, **Alleyne** applies in the event the sentencing court makes a finding of fact that triggers an increased mandatory minimum sentence. The trial court did not impose a mandatory minimum sentence in this case. Rather, the deadly weapon enhancement ("DWE") affects the sentencing matrix the trial court considers in imposing sentence. **See** 204 Pa. Code §§ 303.9(b), 303.10(a), and 303.17(a). The applicability of the DWE does not circumscribe the sentencing court's discretion to deviate from the applicable sentencing guidelines, nor does it force the court to impose a minimum sentence. In contrast, a mandatory minimum sentence deprives the sentencing court of discretion to impose anything less than a prescribed minimum. **Commonwealth v. Brougher**, 978 A.2d 373, 377-78 (Pa. Super. 2009). The latter implicates **Alleyne**. **See Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). The DWE, which applied here, does not. **See Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1269 n.10 (Pa. Super. 2014) (*en banc*) (explaining that the DWE guidelines enhancement does not implicate **Alleyne**).

Based on the foregoing, we agree with counsel's conclusion that Appellant cannot raise any meritorious issues in this collateral proceeding.

The PCRA court did not err in dismissing Appellant's petition for lack of jurisdiction. We therefore affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2015