J-S57037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROLANDO BARBON ZURITA | |
| Appellant | No. 1181 EDA 2015 |

Appeal from the PCRA Order entered April 13, 2015
In the Court of Common Pleas of Chester County
Criminal Division at Nos: CP-15-CR-0005791-2004, and
CP-15-CR-0005792-2004

BEFORE:  MUNDY, OTT, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 25, 2015**

Appellant, Rolando Barbon Zurita, *pro se*, appeals from the April 13, 2015 order entered by the Court of Common Pleas of Chester County, denying as untimely his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The PCRA court summarized the procedural background of the instant matter as follows:

> On July 25, 2005, [Appellant] entered into an open guilty plea. [Appellant] was sentenced on December 2, 2005.  [Appellant] filed a timely notice of appeal on December 21, 2005.  On February 16, 2006, the Superior Court entered an order dismissing [Appellant]'s appeal.  Thereafter, on October 11, 2006, [Appellant] filed a pro se PCRA Petition alleging ineffective assistance of counsel.  On October 12, 2006, this court entered an order that, among other things, permitted [Appellant] to

proceed in forma pauperis and appointed [Appellant] counsel. Subsequently, on November 17, 2006, with the agreement of the Commonwealth, [Appellant]'s PCRA Petition, requesting a nunc pro tunc appeal to the Superior Court, was granted.

Defense counsel was directed to file a Notice of Appeal within 30 days of the date of the order. Defense counsel complied and a Notice of Appeal was filed on December 13, 2006. On January 18, 2007, the appeal was withdrawn and discontinued. [Appellant] filed a second PCRA Petition on December 3, 2007. Following multiple PCRA pleadings and proceedings, an order was entered on March 6, 2009 that granted the PCRA, vacated the judgment of sentence, allowed [Appellant] to withdraw his guilty plea, reinstated the withdrawn charges, restored the parties to their respective positions prior to the entry of the open plea and listed the case for trial.

On May 15, 2009, [Appellant] entered a negotiated plea agreement that contained an agreed upon sentence, which the court approved. He received the sentence he negotiated in return for the guilty plea and the Commonwealth's withdrawal of a number of counts.

PCRA Court Order, 3/20/15, at 1-2 n.1.

On June 11, 2014, Appellant filed the PCRA petition that is the subject of this appeal. In his petition, Appellant argued his sentence is illegal under ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (holding any fact that increases a mandatory minimum sentence must be submitted to the jury)[1]

_____

[1] In ***Alleyne***, the Supreme Court of the United States held:

Any fact that, by law, increases the penalty for a crime is an "element" that must be submitted to the jury and found beyond a reasonable doubt. Mandatory minimum sentences increase the penalty for a crime. It follows, then, that any fact that increases the mandatory minimum is an "element" that must be submitted to the jury.

*(Footnote Continued Next Page)*

and that his petition satisfied the PCRA's timeliness requirements because he filed it within sixty days of the clarification of the **Alleyne** decision provided by the Blair County Court of Common Pleas on May 14, 2014. Appellant's Brief at 9-10. On November 14, 2014, the PCRA court dismissed the instant petition as untimely. This appeal followed.

"Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Hernandez**, 79 A.3d 649, 651 (Pa. Super. 2013) (citations omitted).

The PCRA statute directs that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final unless the petitioner proves an exception. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Further, any petition claiming an exception under § 9545(b)(1) must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**Alleyne**, 133 S. Ct. at 2155 (internal citation omitted).

- 3 -

(b)(2). "[T]he PCRA's timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (quoting *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003)).

Appellant's judgment of sentence became final on June 15, 2009.[2] Appellant had, therefore, one year from June 15, 2009 to file his petition. *See* 42 Pa.C.S.A. § 9545(b)(1). Absent an exception, his petition filed on June 11, 2014 is untimely. Appellant asserts his petition is saved from the PCRA's time-bar by *Alleyne*, as explained by the Court of Common Pleas of Blair County on May 14, 2014. Appellant's Brief at 9-10. We disagree. Nowhere did Appellant identify or explain the significance of the Blair County Court of Common Pleas decision. Because Appellant fails to elaborate on this matter, we can only address whether *Alleyne* itself provides support for the timeliness of his petition.

---

[2] The PCRA Court found:

> [Appellant] was sentenced on May 15, 2009. He did not file a post-sentence motion or an appeal to the Superior Court on that second guilty plea and negotiated sentence. Therefore, [j]udgment of [s]entence became final on June 15, 2009. [Appellant]'s PCRA petition needed to be filed by June 15, 2010 in order to be timely. [Appellant]'s PCRA petition was filed June 11, 2014. Accordingly, it is untimely.

PCRA Court Order, 3/20/15, at 2 n.1.

*Alleyne* was decided on June 17, 2013, almost a year before Appellant filed the instant petition (June 11, 2014). In *Commonwealth v. Boyd*, 923 A.2d 513 (Pa. 2007), our Supreme Court explained:

> [A]ny petition invoking an exception to the PCRA's timing provisions must be filed within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Lark*, 560 Pa. 487, 494, 746 A.2d 585, 588 (2000) (a petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day timeframe). With regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision. *Commonwealth v. Baldwin*, 789 A.2d 728 (Pa. Super. 2001).

*Id.* at 517.

Appellant clearly failed to file his petition within 60 days of the *Alleyne* decision. "[W]hen a PCRA petition [is] entitled to one of the [§ 9545(b)(1)] exceptions, but [is] not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claim." *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000).

To the extent Appellant's claim can be construed as alleging he learned of *Alleyne* only as a result of the Blair County decision of May 14, 2014, we note that ignorance of the law does not toll the jurisdictional time-restrictions of the PCRA. In *Commonwealth v. Brandon*, 51 A.3d 231 (Pa. Super. 2012), this Court rejected a similar claim, noting that ignorance of the law does not excuse the failure to file a petition within 60 days of the date a decision is announced, and stating, "[n]either the court system nor

- 5 -

the correctional system is obliged to educate or update prisoners concerning changes in case law." *Id.* at 235 (quotation omitted).

Appellant's petition was untimely filed. Therefore, this Court, as well as the PCRA court, lacks jurisdiction to address the substantive issue of Appellant's PCRA claim.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/2015