**COMMONWEALTH OF PENNSYLVANIA,**
**Appellant,**

v.

**John BALDWIN, Appellee.**

Superior Court of Pennsylvania.

Submitted Oct. 29, 2001.
Filed Dec. 31, 2001.

Ronald T. Williamson, Asst. Dist. Atty., Norristown, for Commonwealth, appellant.

Frank C. Arcuri, York, for appellee.

Before: JOHNSON, HUDOCK and TAMILIA, JJ.

TAMILIA, J.

¶ 1 The Commonwealth appeals from the December 19, 2000 Order granting John Baldwin (Baldwin) relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546. The Order vacated Baldwin's judgment of sentence, imposed after he pled guilty to having violated the Pennsylvania Corrupt Organizations Act.[1,2] Because we find Baldwin's PCRA petition to have been untimely filed, the court lacked jurisdiction to grant relief.

¶ 2 On June 21, 1989, Baldwin entered a negotiated plea agreement whereby he pled guilty to one count of corrupt organizations, and the Commonwealth agreed to *nol pros* the remaining 14 charges and recommend a sentence of two and one-half (2 ½) to five (5) years incarceration, to be served consecutively to an unrelated sentence previously imposed. Record, No. 12. The court accepted the negotiated plea and sentenced Baldwin that same day. No direct appeal was filed.

¶ 3 On January 7, 1997, Baldwin filed a *pro se* PCRA petition alleging the Pennsylvania Department of Corrections had computed his sentence incorrectly. On January 28, 1997, the PCRA court dismissed the petition on the basis it lacked jurisdiction to address petitioner's argument challenging action by the Pennsylvania Department of Corrections. Record, No. 16. The Court advised Baldwin any remedy must be sought in Commonwealth Court.

¶ 4 On December 8, 1999, Baldwin filed a second *pro se* PCRA petition wherein he argued the Pennsylvania Corrupt Organizations Act, under which he pled guilty, had been found unconstitutional by two Pennsylvania Supreme Court cases decided in 1996 and 1999, *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655 (1996) and *Commonwealth v. Shaffer*, 557 Pa. 453, 734 A.2d 840 (1999), respectively. Baldwin learned of the Supreme Court's decisions while attending a prison-sponsored legal seminar on November 29, 1999. Record, No. 17. On April 10, 2000, Frank Arcuri, Esquire, was appointed as counsel, and thereafter each party filed a memorandum in support of its position. An evidentiary hearing was conducted on September 19, 2000, at which the sole witness was Baldwin. On December 19, 2000, the PCRA court granted Baldwin's petition and directed that the June 21, 1989 judgment of sentence be vacated. Record, No. 30. In its lengthy Opinion, the PCRA court reasoned the untimeliness of the petition was excused by the exception to the time bar set forth at section 9545(b)(1)(iii) of the PCRA, and Baldwin was entitled to retro-

1. 18 Pa.C.S.A. § 911.

2. By Order dated February 21, 2000, the PCRA court granted the Commonwealth's petition to file a *nunc pro tunc* appeal from the December 19, 2000 Order and granted reconsideration of the Order "only to the extent that the charges previously nolle prossed by the Commonwealth in reliance on and as part of the agreement of the defendant to plead guilty to corrupt organizations, said charge now vacated and set aside by this Court's order and opinion dated December 19, 2000, are hereby permitted to be reinstated." Record, No. 33.

active relief under *Shaffer, supra.*[3]

¶ 5 On appeal, the Commonwealth argues Baldwin's PCRA petition was untimely filed and the court lacked jurisdiction to entertain the merit of the petition. In the alternative, the Commonwealth contends new rules of law given full retroactive effect will not be applied to any case on collateral review unless the decision was handed down during the pendency of an appellant's direct review and the issue was properly preserved there, or the issue was not waivable. *See Commonwealth v. Gillespie,* 512 Pa. 349, 516 A.2d 1180 (1986).

■ .¶ 6 Before we address the merits of the Commonwealth's argument on appeal, we must determine whether Baldwin's PCRA petition was timely filed. If the petition was untimely filed, subject to none of the time-bar exceptions, we lack jurisdiction to address the matter. *Commonwealth v. Murray,* 562 Pa. 1, 753 A.2d 201 (2000).

■ ¶ 7 Any petition, including second or subsequent ones, must be filed within one year of the date judgment of sentence becomes final. *Commonwealth v. Alcorn,* 703 A.2d 1054 (Pa.Super.1997), *appeal denied,* 555 Pa. 711, 724 A.2d 348 (1998). PCRA petitioners whose judgment of sentence became final prior to the effective date of the amendments to the PCRA have until January 17, 1997 to file a timely appeal. *See Commonwealth v. Fenati,* 561 Pa. 106, 748 A.2d 205 (2000).

¶ 8 Baldwin was sentenced on June 21, 1989, and no direct appeal was filed. Therefore, judgment of sentence became final thirty days thereafter, on July 21, 1989. *See* Pa.R.A.P. 903. Because Baldwin's judgment of sentence became final before the 1996 effective date of amendments to the PCRA, he had until January 16, 1997 to file a timely first petition for PCRA relief. The petition presently under consideration is Baldwin's second PCRA petition, filed December 8, 1999, and is manifestly untimely. Accordingly, we must now determine whether any of the three exceptions to the time-bar are applicable. These exceptions include interference by government officials, after-discovered evidence, and recently recognized constitutional rights to be applied retroactively. 42 Pa.C.S.A. § 9545(b)(4). Any petition invoking an exception must be filed within 60 days of the date the claim could have been made. *Id.,* § 9545(b)(2). The PCRA court found Baldwin's petition was timely based on section 9545(b)(1)(iii) which states: "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."

■ ¶ 9 The PCRA court concluded the *Shaffer* decision, decided July 21, 1999, announced a new constitutional right, and Baldwin filed his petition within 60 days of becoming aware of the case. Baldwin filed

---

**3.** When interpreting the Corrupt Organizations Act, the *Besch* Court, *Commonwealth v. Besch,* 544 Pa. 1, 674 A.2d 655 (1996), concluded an illegitimate enterprise must be connected to a legitimate enterprise, or attempt to infiltrate a legitimate enterprise, in order to obtain a conviction under the Act. Two months after *Besch* was decided, on June 19, 1996, the legislature amended the Act to change the definition of "enterprise" to include legitimate as well as illegitimate enter-

prises. The *Shaffer* Court, *Commonwealth v. Shaffer,* 557 Pa. 453, 734 A.2d 840 (1999), concluded, on July 21, 1999, that the legislature did not intend its amendment to be applied retroactively. *Id.* at 459, 734 A.2d at 843–44. Based on the amended statute and the Supreme Court's interpretations, Baldwin argued he was wrongly charged and convicted under the Corrupt Organizations Act, and the trial court lacked jurisdiction to accept his plea.

his PCRA petition on December 8, 1999. It is apparent Baldwin did not meet the 60–day time frame within which to file his petition, following the deciding of *Shaffer*. At the September 19, 2000 PCRA hearing, however, Baldwin presented a letter from the Director of Education for the Dallas Correctional Facility stating the Pennsylvania Reporter in which the *Shaffer* Opinion was published was not received at the facility until December 22, 1999. On that basis the PCRA court excused Baldwin's failure to file his petition within 60 days of when *Shaffer* was decided. We disagree with the PCRA court's reasoning.

¶ 10 In his petition filed December 8, 1999, Baldwin swore that he became aware of the *Shaffer* decision at a legal seminar conducted at the correctional facility on November 29, 1999. Therefore, receipt of the Pennsylvania Reporter on December 22, 1999 is of no import. We do not take issue with the fact that Baldwin did not become aware of the July 21, 1999 *Shaffer* decision until November 29, 1999. His ignorance of the law, however, does not excuse his failure to file a PCRA petition within the 60 days following the *Shaffer* decision, by September 19, 1999. Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law.

■ ¶ 11 Finding Baldwin's petition to have been untimely filed, subject to no exceptions, we vacate the Order of September 19, 2000 wherein Baldwin was granted relief.[4]

¶ 12 Order vacated; appellee's judgment of sentence reinstated.

¶ 13 Jurisdiction relinquished.

---

4. Even if appellee's petition had been filed in a timely manner, relief would be denied as retroactive application of *Commonwealth v. Besch*, 544 Pa. 1, 674 A.2d 655 (1996), and *Commonwealth v. Shaffer*, 557 Pa. 453, 734 A.2d 840 (1999), is not permitted in that Baldwin's judgment of sentence became final on July 21, 1989. *See Blackwell v. Commonwealth State Ethics Commission*, 527 Pa. 172, 182, 589 A.2d 1094, 1099 (1991) ("[W]e adhere to the principle that, 'a party whose case is pending on direct appeal is entitled to the benefit of changes in the law which occur before the judgment becomes final.'"). *See also Commonwealth v. Cross*, 555 Pa. 603, 611–615, 726 A.2d 333, 337–338 (1999); *Commonwealth v. Gillespie*, 512 Pa. 349, 355, 516 A.2d 1180, 1183 (1986) ("Simply stated, a new rule of law to which we give full retroactive effect, will not be applied to any case on collateral review unless that decision was handed down during the pendency of an appellant's direct appeal and the issue was properly preserved there, or, as here, is nonwaivable.").