J-S47031-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANGELO ROMERO | |
| Appellant | No. 3101 EDA 2013 |

Appeal from the Order Entered October 9, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0902801-1996

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                    **FILED AUGUST 21, 2014**

Angelo Romero appeals from the October 9, 2013 order dismissing his petition pursuant to the Post-Conviction Relief Act ("PCRA").[1]  We affirm.

The PCRA court has provided a brief, but apt, review of the factual and procedural history of this case:

> On April 7, 1997, a jury presided over by the Honorable John J. Poserina found [Romero] guilty of first[-]degree murder, criminal conspiracy, and possession of an instrument of crime.[2]  On May 29, 1997, [Romero] was sentenced to life imprisonment for murder, and consecutive terms of five to ten years[' imprisonment] for [criminal] conspiracy, and one-half to five years[' imprisonment] for possession of an instrument of crime. On April 6, 1999, the Superior Court affirmed the judgment of

---

[1]    42 Pa.C.S. §§ 9541, *et seq*.

[2]    18 Pa.C.S. §§ 2502(a), 903, and 907, respectively.

sentence.[3]  On July 29, 1999, the Pennsylvania Supreme Court denied [Romero's] petition for allowance of appeal.[4]

On May 5, 2000, [Romero] filed his first *pro se* PCRA petition. Counsel was appointed and an amended petition was filed.  On January 28, 2002, the [p]etition was dismissed.  [Romero] appealed, and on November 21, 2002, the Superior Court affirmed the dismissal.[5]  On March 4, 2004, the Pennsylvania Supreme Court denied [Romero's] petition for allowance of [appeal.[6]]

On June 11, 2011, [Romero] filed the instant *pro se* PCRA petition, his second.

PCRA Court Opinion ("P.C.O."), 2/5/2014, at 1-2 (unnumbered).

On October 5, 2011, the PCRA court filed notice of its intent to dismiss Romero's second PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907.  On October 20, 2011, Romero filed an answer objecting to the PCRA court's intent to dismiss his petition.  Thereafter, no further action was taken in Romero's case for almost two years.  On October 9, 2013, the PCRA court dismissed Romero's PCRA petition as untimely.

---

[3]  ***Commonwealth v. Romero***, 738 A.2d 1056 (Pa. Super. April 6, 1999) (table).

[4]  ***Commonwealth v. Romero***, 740 A.2d 1146 (Pa. July 29, 1999) (table).

[5]  ***Commonwealth v. Romero***, 816 A.2d 334 (Pa. Super. November 21, 2002) (table).

[6]  ***Commonwealth v. Romero***, 847 A.2d 1283 (Pa. March 4, 2004) (table).

On November 1, 2013, Romero filed a notice of appeal. The PCRA court did not direct Romero to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Romero did not file one. On February 5, 2014, the PCRA court filed a "Memorandum Opinion" explaining its reasons for dismissing Romero's appeal.

Romero has raised a single issue for our consideration: "Did the PCRA [c]ourt abuse its discretion in denying the PCRA [petition] in th[e] instant case?" Brief for Romero at 1. In relevant part, Romero "asserts that he qualifies for an exception to the time limitation bar [of the PCRA] and that th[e] instant case does qualify [for the] exception 42 Pa.C.S. § 9545(b)(1)(iii), pursuant to **Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009)." Brief for Romero at 2. We disagree.

Like the trial court, we begin by reviewing our jurisdiction to consider Romero's petition. It is well-established that the PCRA time limits are jurisdictional, and must be strictly construed, regardless of the potential merit of the claims asserted. **Commonwealth v. Leggett**, 16 A.3d 1144, 1145 (Pa. Super. 2011); **Commonwealth v. Murray**, 753 A.2d 201, 202-03 (Pa. 2000), *abrogated on other grounds*, **Murray**, 943 A.2d 264 (Pa. 2008). "[N]o court may properly disregard or alter [these filing requirements] in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." **Murray**, 753 A.2d at 203; **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000).

- 3 -

In order to be timely, a petition under the PCRA must be filed within one year of the date that the underlying judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S. § 9545(b)(3).

In the instant case, this Court affirmed Romero's judgment of sentence on April 6, 1999, and the Supreme Court of Pennsylvania denied Romero's petition for allowance of appeal on July 29, 1999. Romero did not file an appeal to the United States Supreme Court, and his time in which to do so expired ninety days after the Pennsylvania Supreme Court denied his petition. *See* U.S.Sup.Ct.R. 13(1). Consequently, Romero's judgment of sentence became final on or about October 27, 1999. Pursuant to Section 9545, Romero had until October 27, 2000, to file a timely PCRA petition. The instant petition was not filed until June 11, 2011. Thus, Romero's second PCRA petition is untimely, on its face, by more than ten years.

Despite such facial untimeliness, a tardy PCRA petition nonetheless will be considered timely if (but only if) the petitioner pleads and proves one of the three exceptions to the one-year time limit enumerated in subsection 9545(b) of the PCRA, which provides as follows:

(1)   Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i)      the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)     the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2)   Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b).   When an appellant files a facially untimely petition under the PCRA, and fails to plead and prove one or more of the exceptions to the PCRA's one-year jurisdictional time limit, the petition is untimely and we must deny the appellant relief.   ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 784 (Pa. 2000).   Moreover, even when one of the exceptions may apply to a given petition, we will excuse the untimeliness only if the petition was filed within sixty days of the date that the conditions underlying the exception came to light.   42 Pa.C.S. § 9545(b)(2); ***Gamboa-Taylor***, 753 A.2d at 783-84.

Instantly, Romero alleges that his petition qualifies for the exception related to retroactively applied constitutional rights. *See* 42 Pa.C.S. § 9545(b)(1)(iii). Specifically, Romero argues that *Melendez-Diaz* announced a new constitutional right that has been held to apply retroactively. Thus, Romero argues that we should consider his petition to be included in one of the exceptions to the timeliness requirements of the PCRA.

Romero is not the first Pennsylvania PCRA appellant who has sought to circumvent the timeliness requirements of the PCRA by way of *Melendez-Diaz*. In *Leggett*, a panel of this court adjudicated an identical claim. In relevant part, this Court stated the following in *Leggett* regarding *Melendez-Diaz* and Section 9545(b)(1)(iii):

> This Court has provided that "[w]ith regard to an after-recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision." *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (citation omitted). Therefore, as *Melendez-Diaz* was decided on June 25, 2009, [a]ppellant was required to file his PCRA petition on or before August 24, 2009 to invoke his claim within 60 days of the date the claim first could have been presented.
>
> *     *     *
>
> [T]his Court has held that a prisoner's ignorance of the law does not excuse his failure to file a PCRA petition within sixty days of the filing of the judicial decision which he claims established an after-recognized constitutional right. *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001) (providing that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law").

***Leggett***, 16 A.3d at 1146-47. Applying this precedent to Romero's petition, it is clear that Romero failed to file the instant PCRA petition within the sixty days required by Section 9545(b)(2). Romero's petition was not filed until June 11, 2011, almost two years after the decision in ***Melendez-Diaz*** was decided. Thus, even assuming, *arguendo*, that ***Melendez-Diaz*** could offer Romero any relief,[7] his petition was patently untimely. Therefore, we lack jurisdiction to consider it.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2014

_____

[7] In ***Leggett***, the panel of this Court specifically held that ***Melendez-Diaz*** did not announce a retroactive constitutional right: "The majority in ***Melendez-Diaz*** expressly provided that its holding was not new, but stated that the Court was 'faithfully applying ***Crawford v. Washington***, 541 U.S. 36 (2004), to the facts of th[e] case' and its decision 'involves little more than the application of [its] holding in ***Crawford***." ***Leggett***, 16 A.3d at 1147 (citing ***Melendez-Diaz***, 557 U.S. at 312, 329) (citation modified). Thus, the Court in ***Leggett*** determined that "the U.S. Supreme Court has **not** specifically held that ***Melendez-Diaz*** should be applied retroactively to cases on collateral review." ***Id.*** (emphasis added).