J-S04026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SCOTT WALKER, | |
| Appellant | No. 317 WDA 2015 |

Appeal from the PCRA Order of January 27, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009861-1994

BEFORE:  BOWES, OLSON AND STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:　　　　　　　　**FILED MARCH 1, 2016**

Appellant, Scott Walker, appeals from an order entered on January 27, 2015 in the Criminal Division of the Court of Common Pleas of Allegheny County that denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We vacate the order entered by the PCRA court and remand for further proceedings consistent with this memorandum.

The factual and procedural history in this case is undisputed.  On July 24, 1994, Appellant, then 15 years of age, fatally shot Randy Hawkins in retaliation for a prior assault.  The Commonwealth subsequently charged Appellant with one count of criminal homicide, 18 Pa.C.S.A. § 2501.  On May 11, 1995, a jury found Appellant guilty of first-degree murder and on June 26, 1995, the court sentenced Appellant to a mandatory term of life imprisonment without the possibility of parole.  We affirmed Appellant's

*Retired Senior Judge assigned to the Superior Court.

judgment of sentence on June 4, 1996 and our Supreme Court denied further review on October 22, 1996. **Commonwealth v. Walker**, 683 A.2d 315 (Pa. Super. 1996) (unpublished memorandum), *appeal denied*, 685 A.2d 545 (Pa. 1996).

In the ensuing years, Appellant filed unsuccessful petitions for collateral relief in 2000, 2004, 2008, and 2010. On June 25, 2012, the United States Supreme Court issued its decision in **Miller v. Alabama**, 132 S.Ct. 2455 (U.S. 2012), concluding that mandatory sentences of life without parole violated the Eighth Amendment of the United States Constitution when imposed upon juvenile homicide defendants. Thereafter, on July 6, 2012, Appellant filed this, his fifth, petition for collateral relief alleging that his sentence was unconstitutional under **Miller** because he was 15 years of age when he killed Hawkins. The PCRA court appointed counsel and stayed the proceedings pending resolution of certain cases by the Pennsylvania Supreme Court.

On October 30, 2013, the Pennsylvania Supreme Court decided **Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013), holding (under an analysis based upon federal law) that **Miller** did not apply retroactively to cases like Appellant's in which the judgment of sentence had already become final. On November 1, 2013, the Commonwealth filed an answer seeking the dismissal of Appellant's petition. On November 6, 2013, counsel for Appellant again moved to stay the proceedings pending the United States

Supreme Court's disposition of a *writ* of *certiorari* filed in the **Cunningham** case.

On March 11, 2014, the PCRA court entered an order that lifted its stay of the instant proceedings and gave notice of its intent to dismiss Appellant's petition without a hearing. The court explained that Appellant's petition was untimely. On April 10, 2014, Appellant filed a timely response to the court's Rule 907 notice and requested leave to file an amended PCRA petition. The United States Supreme Court denied *certiorari* in **Cunningham** on June 9, 2014 and, on January 27, 2015, the PCRA court entered a final order dismissing Appellant's PCRA petition. Appellant filed a timely notice of appeal on February 25, 2015. After receiving an extension, Appellant filed a timely, court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court issued its Rule 1925(a) opinion on June 12, 2015.

Appellant raises the following questions for our review:

Whether the PCRA court violated Appellant's rights under the Eighth Amendment when Appellant continues to serve a life sentence without the possibility of parole which was imposed when Appellant was a juvenile?

Whether Appellant's right under Article I, Section 13 of the Pennsylvania Constitution was violated and whether Pennsylvania law allows for the retroactivity of **Miller**?

Whether the PCRA court violated Rule 905(A) of the Pennsylvania Rules of Criminal Procedure by failing to grant Appellant's motion to amend the PCRA petition?

Whether Appellant was entitled to *habeas corpus* relief when Appellant continues to serve a life sentence without the possibility of parole which was imposed when Appellant was a juvenile?

Appellant's Brief at 4.[1]

The gravamen of Appellant's complaint on appeal is that his mandatory sentence of life imprisonment without the possibility of parole violates his rights under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution because it was imposed for a homicide he committed as a juvenile. Appellant asserts that he is entitled to relief under the PCRA because the United States Supreme Court's decision in **Miller** rendered his petition timely filed under the exception for newly-recognized constitutional rights. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Accordingly, Appellant argues that the PCRA court erred in dismissing his petition as untimely.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001).

_____

[1] We have re-ordered the sequence of Appellant's claims to facilitate our analysis.

We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. ***Commonwealth v. Rykard***, 55 A.3d 117, 1183-1184 (Pa. super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

The timeliness of a PCRA petition is a jurisdictional prerequisite. ***See Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2003). A petition seeking relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[2] ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000). A PCRA petition invoking one of the statutory exceptions must "be

---

[2] The exceptions to the PCRA's timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

filed within 60 days of the date the claims could have been presented." *Id.*; 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final on January 21, 1997, 90 days after our Supreme Court denied further review and the time for filing a petition for *writ* of *certiorari* with the United States Supreme Court expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup. Ct. R. 13. Appellant had to file a PCRA petition on or before January 21, 1998 in order for the petition to be timely filed. Appellant filed the instant petition on July 6, 2012; hence, the petition is patently untimely unless Appellant pleads and proves an exception to the PCRA's time bar.

Appellant claims that his petition is timely under the newly-recognized constitutional rights exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To properly invoke this exception, Appellant must show that he filed his petition within 60 days of the date on which the court filed the new decision. *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001), *appeal denied*, 863 A.2d 1141 (Pa. 2004). Here, Appellant satisfied the 60-day prerequisite since he filed his petition on July 6, 2012 and the United States Supreme Court issued its decision in *Miller* June 25, 2012.

We turn now to consider whether Appellant has advanced a valid claim asserting a newly-recognized constitutional right, as that phrase is used in § 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2001), our Supreme Court explained that a petitioner seeking to invoke

§ 9545(b)(1)(iii) must plead and prove two elements: (1) the right asserted must be a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the expiration of the time for filing a petition set forth in § 9545, and (2) that Court must have held that that the right is to apply retroactively. *Abdul-Salaam*, 812 A.2d at 501.

Recently, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 135 S.Ct. 1546 (2016). *Montgomery* held that *Miller* applies retroactively to cases pending on collateral review wherein the judgment of sentence has already become final. In view of *Montgomery*, we conclude that Appellant has properly invoked the newly-recognized constitutional rights exception found in § 9545(b)(1)(iii) and that Appellant's petition is timely.[3] Accordingly, we vacate the order

_____

[3] Our Supreme Court recently recognized that *Montgomery* requires retroactive application of *Miller*. *See Commonwealth v. Freeman*, 200 MAL 2015 (February 11, 2016) (*per curiam* order) ("*Miller* must be applied retroactively" and "[petitioners are to be granted leave, to the extent necessary,] to amend the post-conviction petition to assert the jurisdictional provision of the [PCRA] extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive."); *Commonwealth v. Goudy*, 235 MAL 2015 (February 11, 2016) (*per curiam* order) (same); *Commonwealth v. Phillips*, 678 MAL 2015 (February 11, 2016) (*per curiam* order) (same). These developments alleviate any concern with the requirement expressed in *Abdul-Salaam* that, "[a] ruling concerning the retroactive application of [a] new constitutional right must be made prior to the filing of the petition for collateral relief." *Abdul-Salaam*, 812 A.2d at 501-502. In addition, we
*(Footnote Continued Next Page)*

dismissing Appellant's petition, vacate the judgment of sentence, and remand this matter for re-sentencing under 18 Pa. C.S.A. § 1102.1 (sentence of persons under the age of 18 for murder). ***See Commonwealth v. Secreti***, ___ A.3d ___, 2016 WL 513341, *6 (Pa. Super. 2016); ***see also Commonwealth v. Batts***, 66 A.3d 286, 295-297 (Pa. 2013) (identifying factors to be considered in sentencing juvenile homicide defendants).

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2016

---

*(Footnote Continued)* ───────────────

need not address Appellant's claims concerning the amendment of his petition or his eligibility for *habeas corpus* relief.