J-S04036-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CLARENCE COLEMAN, | : | |
| | : | |
| Appellant | : | No. 485 WDA 2015 |

Appeal from the PCRA Order Entered January 7, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CC 198707562

BEFORE:    BOWES, OLSON, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                **FILED MARCH 23, 2016**

Clarence Coleman (Appellant) appeals *pro se* from the order entered January 7, 2015, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  We affirm.

> Generally, a PCRA petition must be filed within one year from the date a judgment becomes final.[2] There are three exceptions to this time requirement: (1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right. When a petitioner alleges and proves that one of these exceptions is met, the petition will be considered timely. A PCRA petition invoking one of these exceptions must be filed within 60 days of the date the

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] "PCRA petitioners whose judgment of sentence became final prior to the effective date of the amendments to the PCRA ha[d] until January 17, 1997 to file a timely [petition]." ***Commonwealth v. Baldwin***, 789 A.2d 728, 730 (Pa. Super. 2001).  As discussed *infra*, Appellant's judgment of sentence became final on April 1, 1994, and the amendments became effective on January 16, 1996; thus, Appellant had the benefit of this additional time to file timely his first PCRA petition.

*Retired Senior Judge assigned to the Superior Court.

claims could have been presented. The timeliness requirements of the PCRA are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely petitions.

***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa. Super. 2012) (footnote added; citations and quotation marks omitted).

Instantly, Appellant was convicted by a jury of first-degree murder and was sentenced to life imprisonment on May 10, 1988. On March 2, 1994, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Coleman***, 643 A.2d 702 (Pa. Super. 1994) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court; thus, his judgment of sentence became final on or about April 1, 1994. Accordingly, Appellant had until January 17, 1997 to file timely a PCRA petition.[3]

The instant petition, filed on July 17, 2014, is patently untimely. The PCRA court had no jurisdiction to entertain Appellant's petition unless he pled and offered proof of one or more of the three statutory exceptions to the time bar. ***See*** 42 Pa.C.S. § 9545(b)(1). Appellant failed to do so. Accordingly, the PCRA court properly dismissed his petition.

---

[3] Appellant did file timely his first PCRA petition, and was denied relief. Subsequently, Appellant untimely filed at least four petitions prior to filing the instant one.

J-S04036-16

Order affirmed.[4]


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2016

---

[4] We observe that Appellant was 17 years old at the time he committed this murder. He was sentenced subsequently to life in prison without parole. On January 27, 2016, while this appeal was pending, the United States Supreme Court decided **Montgomery v. Louisiana**, 2016 WL 280758 (U.S. 2016), in which it held that its decision in "**Miller v. Alabama**, [] 132 S.Ct. 2455 [] (2012), [wherein] the Court held that a juvenile convicted of a homicide offense could not be sentenced to life in prison without parole absent consideration of the juvenile's special circumstances in light of the principles and purposes of juvenile sentencing," is "retroactive to juvenile offenders whose convictions and sentences were final when **Miller** was decided." **Id**.

Appellant did not plead **Miller** as a timeliness exception in the instant PCRA petition. However, Appellant has 60 days from the conclusion of this appeal to file a PCRA petition seeking relief under **Miller** and **Montgomery**. **Cf. Commonwealth v. Secreti**, 2016 WL 513341, at *6 (Pa. Super. 2016) (holding that "the **Miller** rule of law 'has been held' to be retroactive for purposes of collateral review as of the date of the **Miller** decision on June 25, 2012. The date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60–day rule in Section 9545(b)(2).").

- 3 -