J-S26004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ROBERT ROSSER, | |
| Appellant | No. 1733 EDA 2015 |

Appeal from the PCRA Order of May 14, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0339101-1990

BEFORE: OLSON, STABILE and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED MARCH 30, 2016**

Appellant, Robert Rosser, appeals from the order entered on May 14, 2015, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate the order entered by the PCRA court and remand for further proceedings consistent with this memorandum.

The factual and procedural history in this case is undisputed. On February 9, 1990, Appellant, then 16 years of age, fatally shot Linda Garcia. As this Court previously explained:

> In exchange for the Commonwealth's agreement to not seek the death penalty, [A]ppellant [pleaded] guilty to first[-]degree murder. The plea was accepted and, on May 14, 1991, [Appellant] was sentenced to [serve a mandatory term of] life imprisonment [without the possibility of parole]. No post-sentence motion to withdraw the guilty plea or direct appeal to th[e Superior] Court was filed by then counsel.

*Retired Senior Judge assigned to the Superior Court.

*Commonwealth v. Rosser*, 679 A.2d 257 (Pa. Super. 1996) (unpublished memorandum) at 1, *appeal denied*, 685 A.2d 544 (Pa. 1996).

In the ensuing years, Appellant filed multiple unsuccessful petitions for collateral relief. On June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 132 S.Ct. 2455 (U.S. 2012), concluding that mandatory sentences of life without parole violated the Eighth Amendment of the United States Constitution when imposed upon juvenile homicide defendants. Thereafter, on July 25, 2012, Appellant filed this, his fifth, petition for collateral relief alleging that his sentence was unconstitutional under *Miller* because he was 16 years of age when he committed the murder. The PCRA court did not appoint counsel and the court then dismissed Appellant's petition on May 14, 2015.

Appellant raises the following questions for our review:

[1.] Did Appellant's filing of [the] PCRA petition meet the burden of Appellant's claim in pleading and proving exceptions to the time bar rule of 60 days?

[2.] Should *Miller v. Alabama*[] be viewed as retroactive?

Appellant's Brief at 2 (some internal capitalization omitted).

The gravamen of Appellant's complaint on appeal is that his mandatory sentence of life imprisonment without the possibility of parole violates his rights under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution because it was imposed for a homicide he committed as a juvenile.

Appellant asserts that he is entitled to relief under the PCRA because the United States Supreme Court's decision in **Miller** rendered his petition timely filed under the exception for newly-recognized constitutional rights. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Accordingly, Appellant argues that the PCRA court erred in dismissing his petition as untimely.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. **Commonwealth v. Rykard**, 55 A.3d 117, 1183-1184 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

The timeliness of a PCRA petition is a jurisdictional prerequisite. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2003). A petition seeking relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is

J-S26004-16

met.[1]  ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).  A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***Id.***; 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final in 1991.  Appellant filed the instant petition on July 25, 2012; hence, the petition is patently untimely unless Appellant pleads and proves an exception to the PCRA's time bar.

Appellant claims that his petition is timely under the newly-recognized constitutional rights exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii).  To properly invoke this exception, Appellant must show that he filed his petition within 60 days of the date on which the court filed the new decision.

---

[1] The exceptions to the PCRA's timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

- 4 -

*Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001), *appeal denied*, 863 A.2d 1141 (Pa. 2004). Here, Appellant satisfied the 60-day prerequisite since he filed his petition on July 25, 2012 and the United States Supreme Court issued its decision in *Miller* June 25, 2012.

We turn now to consider whether Appellant has advanced a valid claim asserting a newly-recognized constitutional right, as that phrase is used in § 9545(b)(1)(iii). In *Commonwealth v. Abdul-Salaam*, 812 A.2d 497 (Pa. 2001), our Supreme Court explained that a petitioner seeking to invoke § 9545(b)(1)(iii) must plead and prove two elements: (1) the right asserted must be a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the expiration of the time for filing a petition set forth in § 9545, and (2) that Court must have held that that the right is to apply retroactively. *Abdul-Salaam*, 812 A.2d at 501.

Recently, the United States Supreme Court issued its decision in *Montgomery v. Louisiana*, 135 S.Ct. 1546 (2016). *Montgomery* held that *Miller* applies retroactively to cases pending on collateral review wherein the judgment of sentence has already become final. In view of *Montgomery*, we conclude that Appellant has properly invoked the newly-recognized constitutional rights exception found in § 9545(b)(1)(iii)

and that Appellant's petition is timely.[2]  Accordingly, we vacate the order dismissing Appellant's petition, vacate the judgment of sentence, and remand this matter for re-sentencing under 18 Pa. C.S.A. § 1102.1 (sentence of persons under the age of 18 for murder).  **See Commonwealth v. Secreti**, ___ A.3d ___, 2016 WL 513341, *6 (Pa. Super. 2016); **see also Commonwealth v. Batts**, 66 A.3d 286, 295-297 (Pa. 2013) (identifying factors to be considered in sentencing juvenile homicide defendants).

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

---

[2] Our Supreme Court recently recognized that **Montgomery** requires retroactive application of **Miller**.  **See Commonwealth v. Freeman**, 200 MAL 2015 (February 11, 2016) (*per curiam* order) ("**Miller** must be applied retroactively" and "[petitioners are to be granted leave, to the extent necessary,] to amend the post-conviction petition to assert the jurisdictional provision of the [PCRA] extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive."); **Commonwealth v. Goudy**, 235 MAL 2015 (February 11, 2016) (*per curiam* order) (same); **Commonwealth v. Phillips**, 678 MAL 2015 (February 11, 2016) (*per curiam* order) (same).  These developments alleviate any concern with the requirement expressed in **Abdul-Salaam** that, "[a] ruling concerning the retroactive application of [a] new constitutional right must be made prior to the filing of the petition for collateral relief."  **Abdul-Salaam**, 812 A.2d at 501-502.  **See Commonwealth v. Secreti**, ___ A.3d ___, 2016 WL 513341, *3 (Pa. Super. 2016). In addition, we need not address Appellant's claims concerning the amendment of his petition or his eligibility for *habeas corpus* relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016