J-S35028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON CLAUDE PHILLIPS, | |
| Appellant | No. 3005 EDA 2014 |

Appeal from the PCRA Order of September 26, 2014
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0025720-1986

BEFORE:  MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 11, 2016**

Appellant, Aaron Claude Phillips, appeals from the order entered on September 26, 2014, dismissing his fifth petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1]  We vacate the order entered by the PCRA court and remand for further proceedings consistent with this memorandum.

As we previously explained:

> On January 4, 1988, following a bench trial, Appellant, who was a juvenile at the time of his crimes, was convicted of second-degree murder, burglary, and related offenses.  On September 16, 1988, the [trial] court sentenced Appellant to [the mandatory term of] life in prison without the

_____

[1] The case returns to this Court following remand from the Pennsylvania Supreme Court.  **Commonwealth v. Phillips**, ___ A.3d ___, 2016 WL 594015 (Pa. 2016).

*Retired Senior Judge assigned to the Superior Court.

possibility of parole for his second-degree murder conviction, and Appellant filed a direct appeal. We affirmed his judgment of sentence, and Appellant filed a timely petition for allowance of appeal, which the Pennsylvania Supreme Court denied on March 28, 1991.

*Commonwealth v. Phillips*, 32 A.3d 835 (Pa. Super. 2011) (unpublished memorandum) at 1.

From 1995 until 2010, Appellant filed four petitions for post-conviction collateral relief under the PCRA, and all requests for relief were denied by the courts.

On August 20, 2012, Appellant, acting *pro se*, filed the current PCRA petition. The petition constitutes Appellant's fifth attempt to secure post-conviction collateral relief under the PCRA. Within the petition, Appellant claimed that, in *Miller v. Alabama*, ___ U.S. ___, 132 S.Ct. 2455 (2012), the United States Supreme Court created a new constitutional right that entitled him to relief. Appellant's Fifth PCRA Petition, 8/20/12, at 2. Specifically, Appellant claimed, in *Miller*, the United States Supreme Court created the new rule of law that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without [] possibility of parole for juvenile offenders." Appellant's Fifth PCRA Petition, 8/20/12, at 4; *quoting Miller*, ___ U.S. at ___, 132 S.Ct. at 2469. Since Appellant filed his PCRA petition within 60 days of the date *Miller* was decided,[2] Appellant claimed that his PCRA petition was timely under the "newly recognized

_____

[2] The Supreme Court decided *Miller* on June 25, 2012.

constitutional right" exception to the PCRA's one-year time-bar. Appellant's Fifth PCRA Petition, 8/20/12, at 4; 42 Pa.C.S.A. § 9545(b)(1)(iii) and (2).

Appellant later retained counsel and, on December 4, 2013, counsel filed a self-titled "Amended Petition for *Habeas Corpus* Relief Under Article 1, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Under the Post Conviction Relief Act" on Appellant's behalf. In this amended petition, Appellant reiterated the claim that he was entitled to relief under ***Miller***. Further, Appellant claimed, even if the constitutional right announced in ***Miller*** were not retroactive to cases on collateral review, Appellant was entitled to relief in the form of a writ of *habeas corpus*.

On August 1, 2014, the PCRA court provided Appellant with notice that it intended to dismiss Appellant's fifth PCRA petition in 20 days without holding a hearing, as the petition was untimely. The PCRA court dismissed Appellant's petition on September 26, 2014 and Appellant filed a timely notice of appeal to this Court. Appellant raises three claims on appeal:

> 1. Does the failure to apply ***Miller v. Alabama*** retroactively to a juvenile offender sentenced to life in prison without the possibility of parole for a conviction of second-degree murder violate Appellant's rights under the [United States] Constitution or the Pennsylvania Constitution?
>
> 2. Does *habeas corpus* provide Appellant with a mechanism for relief?
>
> 3. Did the [PCRA] court err in denying the petition for post-conviction collateral relief without granting a hearing?

Appellant's Brief at 4.

The gravamen of Appellant's complaint on appeal is that his mandatory sentence of life imprisonment without the possibility of parole violates his rights under the Eighth Amendment of the United States Constitution and Article I, Section 13 of the Pennsylvania Constitution because it was imposed for a homicide he committed as a juvenile. Appellant asserts that he is entitled to relief under the PCRA because the United States Supreme Court's decision in **Miller** rendered his petition timely filed under the exception for newly-recognized constitutional rights. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii). Accordingly, Appellant argues that the PCRA court erred in dismissing his petition as untimely.

This Court's standard of review regarding an order dismissing a petition under the PCRA is whether the determination of the PCRA court is supported by evidence of record and is free of legal error. **Commonwealth v. Halley**, 870 A.2d 795, 799 n.2 (Pa. 2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001). We apply a *de novo* standard of review and a plenary scope of review to challenges involving questions of law. **Commonwealth v. Rykard**, 55 A.3d 117, 1183-1184 (Pa. super. 2012), *appeal denied*, 64 A.3d 631 (Pa. 2013).

The timeliness of a PCRA petition is a jurisdictional prerequisite. **See Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2003). A petition seeking relief under the PCRA, including a second or subsequent petition,

must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[3]  ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).  A PCRA petition invoking one of the statutory exceptions must "be filed within 60 days of the date the claims could have been presented."  ***Id.***; 42 Pa.C.S.A. § 9545(b)(2).

Appellant's judgment of sentence became final in 1991.  Appellant filed the instant petition on August 20, 2012; hence, the petition is patently untimely unless Appellant pleads and proves an exception to the PCRA's time bar.

---

[3] The exceptions to the PCRA's timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii).

Appellant claims that his petition is timely under the newly-recognized constitutional rights exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To properly invoke this exception, Appellant must show that he filed his petition within 60 days of the date on which the court filed the new decision. ***Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001), *appeal denied*, 863 A.2d 1141 (Pa. 2004). Here, Appellant satisfied the 60-day prerequisite since he filed his petition on August 20, 2012 and the United States Supreme Court issued its decision in ***Miller*** June 25, 2012.

We turn now to consider whether Appellant has advanced a valid claim asserting a newly-recognized constitutional right, as that phrase is used in § 9545(b)(1)(iii). In ***Commonwealth v. Abdul-Salaam***, 812 A.2d 497 (Pa. 2001), our Supreme Court explained that a petitioner seeking to invoke § 9545(b)(1)(iii) must plead and prove two elements: (1) the right asserted must be a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the expiration of the time for filing a petition set forth in § 9545, and (2) that Court must have held that that the right is to apply retroactively. ***Abdul-Salaam***, 812 A.2d at 501.

Recently, the United States Supreme Court issued its decision in ***Montgomery v. Louisiana***, 135 S.Ct. 1546 (2016). ***Montgomery*** held that ***Miller*** applies retroactively to cases pending on collateral review wherein the judgment of sentence has already become final. In view of

***Montgomery***, we conclude that Appellant has properly invoked the newly-recognized constitutional rights exception found in § 9545(b)(1)(iii) and that Appellant's petition is timely.[4]   Accordingly, we vacate the order dismissing Appellant's petition, vacate the judgment of sentence, and remand this matter for re-sentencing.  ***See Commonwealth v. Secreti***, ___ A.3d ___, 2016 WL 513341, *6 (Pa. Super. 2016); ***see also Commonwealth v. Batts***, 66 A.3d 286, 295-297 (Pa. 2013) (identifying factors to be considered in sentencing juvenile homicide defendants).

Order vacated.  Case remanded for further proceedings.  Jurisdiction relinquished.

---

[4] Our Supreme Court recently recognized that ***Montgomery*** requires retroactive application of ***Miller***.  ***See Commonwealth v. Freeman***, 200 MAL 2015 (February 11, 2016) (*per curiam* order) ("***Miller*** must be applied retroactively" and "[petitioners are to be granted leave, to the extent necessary,] to amend the post-conviction petition to assert the jurisdictional provision of the [PCRA] extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive."); ***Commonwealth v. Goudy***, 235 MAL 2015 (February 11, 2016) (*per curiam* order) (same); ***Commonwealth v. Phillips***, 678 MAL 2015 (February 11, 2016) (*per curiam* order) (same).  These developments alleviate any concern with the requirement expressed in ***Abdul-Salaam*** that, "[a] ruling concerning the retroactive application of [a] new constitutional right must be made prior to the filing of the petition for collateral relief."  ***Abdul-Salaam***, 812 A.2d at 501-502.  In addition, we need not address Appellant's claims concerning the amendment of his petition or his eligibility for *habeas corpus* relief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/11/2016</u>