J-S32012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEXANDER LOPEZ, | |
| Appellant | No. 2881 EDA 2014 |

Appeal from the PCRA Order August 19, 2014
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001340-2008

BEFORE:  BOWES, MUNDY AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                          **FILED MAY 19, 2016**

Acting *pro se*, Alexander Lopez appeals the order entered on August 19, 2014, wherein the trial court dismissed his serial PCRA petition.  We affirm.

On November 17, 2008, Lopez pled guilty to robbery graded as a first degree felony and conspiracy to commit that in relation to an incident involving John Tyner, a business man who had rented a room in the Red Roof Inn on Catasauqua Road in Lehigh County.  Appellant and an accomplice fraudulently gained entry to the victim's room under the pretext that they had accidentally damaged his rental car.  Once inside, Appellant brandished a semi-automatic handgun and demanded money.  The assailants ransacked the hotel room and took $80 and a cellular telephone.

* Retired Senior Judge assigned to the Superior Court.

Dissatisfied, Appellant and his cohort demanded that Mr. Tyner produce his credit and debit cards and reveal the corresponding personal identification numbers. Appellant and his cohort forced Mr. Tyner to drive them in the rental car to several nearby automatic teller machines ("ATM"). Mr. Tyner was able to escape his captors while they attempted to make withdrawals using the stolen cards.

Pursuant to the plea agreement, Appellant received an aggregate minimum sentence of fifteen years imprisonment, and the Commonwealth withdrew several charges including kidnapping and robbery of a motor vehicle. The minimum sentence was based upon the consecutive imposition of two seven-and-one-half year terms that were calculated using the offense gravity scores for robbery and conspiracy under the sentencing guidelines. The terms were within the standard range of the sentencing matrix for robbery and the aggravated range of the matrix for conspiracy. The trial court accepted the plea agreement, and, on January 13, 2009, it imposed the agreed-upon term of fifteen to forty years imprisonment. Appellant filed a notice of appeal, which we quashed as untimely on June 30, 2009.

Appellant filed his first PCRA petition on September 14, 2009. The trial court granted relief insofar as it permitted Appellant to file a motion to reconsider the sentence *nunc pro tunc*. The trial court ultimately denied the motion for reconsideration on December 23, 2009, and Appellant did not appeal. On February 24, 2011, Appellant filed another PCRA petition

- 2 -

asserting the ineffective assistance of plea counsel. The PCRA court denied the petition as untimely filed, and we affirmed. *See Commonwealth v. Lopez*, 46 A.3d 804 (Pa.Super. 2013) (unpublished memorandum).

On July 18, 2014, Appellant filed the instant PCRA petition, wherein he purported to invoke the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), as both an exception to the PCRA time-bar and, inexplicably, a basis to challenge his guilty plea.[1] Following notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the PCRA petition without hearing. This appeal followed.

We review a PCRA court order to determine whether the PCRA court's determination is supported by the certified record and free of legal error. Our Supreme Court has stated, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the

_____

[1] Appellant's precise argument is unclear. As discussed in the body of this memorandum, the *Alleyne* Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt. Instantly, however, the trial court did not impose a mandatory minimum sentence. In reality, Appellant pled guilty to robbery and criminal conspiracy and agreed to the imposition of a minimum term of fifteen years imprisonment based upon the sentencing guidelines. Hence, this case does not implicate *Alleyne* or any of the mandatory sentencing statutes that this Court has found to be unconstitutional under *Alleyne*. *See e.g.*, *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*)) *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa.Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015).

record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

Herein, the PCRA court concluded that Appellant's petition was barred by the PCRA time requirements and that Appellant's allegation of a newly-recognized constitutional right did not fall within an exception to the time bar. For the following reasons, we agree.

All PCRA petitions must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545. The time limitations imposed by the PCRA implicate our jurisdiction and they may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). In a prior appeal, this Court found that Appellant's judgment of sentence became final on January 22, 2010. ***See Lopez***, ***supra*** (unpublished memorandum at *4-5). Therefore, at the latest, Appellant's petition had to be filed by January 22, 2011 in order to comply with the time requirements. Appellant filed the instant petition on July 18, 2014; thus, unless one of the exceptions to the one-year time bar set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies, the present petition is untimely.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261-62 (Pa. 1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant attempts to invoke the newly-recognized constitutional right as an exception to the PCRA time requirements. Appellant argues that ***Alleyne*** effectively eviscerates Pennsylvania's use of statutory mandatory minimums. Appellant's brief at 5. However, as discussed, *infra*, his reliance upon ***Alleyne*** as a basis to circumvent the time bar is unavailing. Stated plainly, Appellant failed to satisfy the threshold requirement of asserting the statutory exception within sixty days of the date the claim could be presented. The United States Supreme Court decided ***Alleyne*** on June 17, 2013, and Appellant did not file his PCRA petition until July 18, 2014, more than one year later. Moreover, to the extent that Appellant contends that he invoked ***Alleyne*** "[p]romptly upon becoming aware of the . . . decision," ***see*** Appellant's brief at 5, it is beyond

argument that the sixty-day period for a prisoner to invoke an after-recognized constitutional right as an exception to the PCRA time bar begins to run on the date that the underlying judicial decision is entered and not the date the decision became available in the prison library. *Commonwealth v. Leggett*, 16 A.3d 1144, 1146-1147 (Pa.Super. 2011); *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa.Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law"). Accordingly, Appellant's attempt to circumvent the statutory time bar fails.

Moreover, even if Appellant had satisfied the threshold requirement, his invocation of *Alleyne* as an exception to the PCRA time bar would fail on the merits. Pursuant to 42 Pa.C.S. § 9545 (b)(1)(iii), to prevail on a claim that the retroactive application of a newly-recognized constitutional right permits review of an otherwise untimely petition, Appellant must demonstrate that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania . . . and has been held by that court to apply retroactively."

In *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa.Super. 2014), this Court concluded that *Alleyne* does not fall within the exception invoked by Appellant. We noted that, "a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable

to those cases." ***Id***. As "neither our Supreme Court, nor the United States Supreme Court has held that ***Alleyne*** is to be applied retroactively to cases in which the judgment of sentence had become final[,]" we reasoned that the PCRA petitioner cannot utilize ***Alleyne*** to successfully assert the statutory exception outlined in § 9545 (b)(1)(iii). To date, neither our Supreme Court nor the United States Supreme Court has ruled ***Alleyne*** to be retroactive. Likewise, neither Court has disturbed the ***Miller*** Court's holding. Thus, it is binding. ***See Commonwealth v. Slocum***, 86 A.3d 272, 278 n.9 (Pa.Super. 2014) ("This Court is bound by existing precedent under the doctrine of *stare decisis* and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/19/2016