J-S48014-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| LARUE GRAVES | |
| Appellant | No. 1307 WDA 2015 |

Appeal from the PCRA Order July 15, 2015
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0018626-2005

BEFORE:  BOWES, DUBOW AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J:                    **FILED AUGUST 22, 2016**

Acting *pro se*, Larue Graves appeals the order entered on July 15, 2015, wherein the trial court dismissed his second PCRA petition.  We affirm.

On October 18, 2006, Appellant was sentenced to life imprisonment pursuant to Pennsylvania's two strikes law, 42 Pa.C.S. § 9715,[1] after a jury

_____

[1] The Sentencing Code provides in pertinent part,

> **(a) Mandatory life imprisonment.--** . . .   any person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth or of the same or substantially equivalent crime in any other jurisdiction shall be sentenced to life imprisonment, notwithstanding any other provision of this title or other statute to the contrary.

*(Footnote Continued Next Page)*

convicted him of third-degree murder in connection with the November 9, 2005, shooting death of Shelton Flowers in a Loew's Theater in Homestead, Pennsylvania. This Court affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal. *Commonwealth v. Graves*, 961 A.2d 1275 (Pa.Super. 2008) (unpublished memorandum), *appeal denied*, 963 A.2d 468 (Pa. 2009). Likewise, we affirmed the order denying Appellant's timely-filed first PCRA petition. *Commonwealth v. Graves*, 96 A.3d 1094 (Pa.Super. 2014) (unpublished memorandum), *appeal denied*, 95 A.3d 276 (Pa. 2014).

Acting *pro se*, on November 21, 2014, Appellant filed the instant PCRA petition wherein he assailed the constitutionality of mandatory life imprisonment under § 9715.[2] He asserted that the statute violated the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. The Commonwealth countered that Appellant's claim was barred by the PCRA's one-year time restriction and that no exceptions to the time bar applied.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

42 Pa.C.S. § 9715. On July 12, 1994, Appellant pled guilty to voluntary manslaughter in Allegheny County.

[2] Although the *pro se* PCRA petition was not entered on the trial court docket until December 1, 2014, pursuant to the prisoner mailbox rule, we treat it as being filed on the date that he delivered it to prison authorities for mailing. *Commonwealth v. Little*, 716 A.2d 1287 (Pa.Super. 1998); *Commonwealth v. Castro*, 766 A.2d 1283 (Pa.Super. 2001) (petitioner timely filed PCRA petition when he delivered petition to prison authorities).

The PCRA court agreed, and following notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition without hearing. This appeal followed.

Appellant presents the following question for our review.

[1.] Did the [PCRA court] err in dismissing Appellant['s] [PCRA] petition challenging the legality of sentence [imposed] under . . . 42 Pa.C.S. § 9715, a statute that . . . should be declared illegal and unconstitutional [pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013)].

[2.] Did the [PCRA court] err in dismissing Appellant['s] [PCRA] petition as untimely . . . when it had illegal sentence concerns, which are question[s] of law. The [p]etition was back in the trial court's jurisdiction and should have been given a hearing?

Appellant's brief at 4.

We review a PCRA court order to determine whether the PCRA court's determination is supported by the certified record and free of legal error. Our Supreme Court has stated, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." **Id**.

Appellant neglected to assert an exception to the PCRA time-bar in his serial petition, his response to the PCRA Court's Rule 907 notice, or the court-ordered Rule 1925(b) statement dated November 30, 2015. However,

Appellant did invoke the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), in his Rule 1925(b) statement for the proposition that the imposition of a mandatory life sentence under 42 Pa.C.S. § 9715 was illegal.[3] Specifically, he argued "Appellant was sentenced to life imprison under 42 Pa.C.S. § 9715, second strike, which under the new rule in [*Alleyne*] is unconstitutional." In addressing this assertion, the PCRA Court not only observed that Appellant's claim was time barred, but also accurately highlighted that Appellant's reliance upon the Supreme Court's holding in *Alleyne* was misplaced because the fact of his prior conviction was not required to be submitted to the jury and found beyond a reasonable doubt before forming the basis of a mandatory minimum sentence.[4] We agree that the petition is barred by the PCRA's time requirements.

_____

[3] In *Alleyne*, the Supreme Court held that any fact, other than a prior conviction, that results in the application of a mandatory minimum sentence must be submitted to the jury and found beyond a reasonable doubt.

[4] The crux of Appellant's contention is that, since § 9715 permits a judge to determine the existence of a prior conviction by a preponderance of the evidence, rather than requiring a jury to make the finding beyond a reasonable doubt, the statute infringes on the precise principles that the High Court discussed in *Alleyne*. Appellant is mistaken. Stated plainly, in fashioning the rule announced in *Alleyne*, the Supreme Court expressly declined to revisit its holding in *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), wherein it endorsed the application of provisions that increase the penalty for a crime based upon the fact of a prior conviction. *See Alleyne*, *supra* at 2151 n.1.

PCRA petitions must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545. The time limitations imposed by the PCRA implicate our jurisdiction and they may not be altered or disregarded in order to address the merits of a petition. *See Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). Appellant's judgment of sentence became final on April 13, 2009, ninety days after our Supreme Court denied allowance of appeal and when the period to file a writ for certiorari with the United Stated Supreme Court expired. *See* 42 Pa.C.S. § 9545(b)(3); U.S. Sup. Ct. R. 13. Therefore, at the latest, Appellant's petition had to be filed by April 13 , 2010 in order to comply with the time requirements. Appellant's instant petition was filed during 2014. Thus, unless one of the exceptions to the one-year time bar set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies, the petition is untimely.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof.

*Commonwealth v. Beasley*, 741 A.2d 1258, 1261-62 (Pa. 1999) (petitioner has burden to plead and prove exceptions). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Herein, Appellant does not specifically invoke the newly-recognized constitutional right exception to the PCRA time requirements. Instead, in articulating the merits of his Sixth Amendment claim, he contends that *Alleyne* rendered his mandatory sentence of life imprisonment illegal and relies upon the oft-repeated assertion that issues regarding the legality of sentence are not subject to waiver. However, it is beyond argument that this contention fails in the context of an untimely PCRA petition. *See Commonwealth v. Fahy*, 737 A.2d 214, 223 (Pa. 1999) (although legality of sentence is always subject to review within PCRA, claims must still first satisfy the PCRA's time limits or a statutory exception). Thus, Appellant's assertion that he is serving an illegal sentence fails to overcome the PCRA's time bar.

Moreover, even to the extent that we treat Appellant's citation to *Alleyne* as leveling a basis to circumvent the time bar, his claim fails for at least three reasons. First, Appellant failed to plead and prove this exception in his petition or before the PCRA court pursuant to *Beasley*, *supra*. Second, even if we deem Appellant's first invocation of *Alleyne* in his Rule 1925(b) statement as asserting the newly-recognized constitutional right

exception under § 9545 (b)(1)(iii), Appellant still failed to satisfy the threshold requirement of asserting the statutory exception within sixty days of the date the claim could be presented. **See** 42 Pa.C.S. § 9545(b)(2). The United States Supreme Court decided **Alleyne** on June 17, 2013, and Appellant did not reference the High Court's holding until November 30, 2015, approximately two-and-one-half years after that case was decided. Furthermore, Appellant's status as a prisoner does not excuse his laxity. It is well ensconced that the sixty-day period for a prisoner to invoke an after-recognized constitutional right as an exception to the PCRA time bar begins to run on the date that the underlying judicial decision is entered and not the date the decision became available in the prison library. **Commonwealth v. Leggett**, 16 A.3d 1144, 1146-1147 (Pa.Super. 2011); **Commonwealth v. Baldwin**, 789 A.2d 728, 731 (Pa.Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law"). Accordingly, to the extent that Appellant attempted to circumvent the statutory time bar, his claim fails for the foregoing procedural reasons.

Third, assuming, arguendo, that Appellant had both pled an exception and satisfied the threshold requirements of § 9545(b)(2), his reliance upon **Alleyne** as an exception to the PCRA time bar still fails. First, as noted, *supra*, **Alleyne** does not apply to the § 9715 increase in sentence due to the fact of a prior conviction. Second, pursuant to 42 Pa.C.S. § 9545 (b)(1)(iii),

to prevail on a claim that the retroactive application of a newly-recognized constitutional right permits review of an otherwise untimely petition, Appellant must demonstrate that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania . . . and has been held by that court to apply retroactively." In *Commonwealth v. Washington*, 2016 WL 3909088 slip op. at 16 (Pa. filed July 19, 2016), our Supreme Court recently addressed the retroactivity of *Alleyne* for the purpose of post-conviction relief and applying *Teague v. Lane*, 489 U.S. 288, (1989) (plurality), it held, "*Alleyne* does not apply retroactively to cases pending on collateral review."

Since *Alleyne* does not apply retroactively to cases that have attained final judgment of sentence, it cannot form the basis of an a newly-recognized constitutional right right exception to the PCRA time requirements under § 9545 (b)(1) (iii). Thus, the instant PCRA petition is untimely and without any applicable exceptions to the PCRA time-bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/22/2016

- 8 -