J-S92037-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CASEY LYNN LESLIE, | : | |
| | : | |
| Appellant | : | No. 923 WDA 2016 |

Appeal from the PCRA Order June 13, 2016
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000053-2013

BEFORE:    SHOGAN, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:             **FILED JANUARY 12, 2017**

Casey Lynn Leslie (Appellant) appeals from the order entered on June 13, 2016, which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On May 9, 2013, Appellant pled guilty to one count of robbery, graded as a felony of the first degree.  Because a firearm was used in the commission of the robbery, the Commonwealth issued notice of its intent to seek a five year mandatory minimum sentence under 42 Pa.C.S. § 9721(a). On June 21, 2013, Appellant was sentenced to a term of five to ten years' incarceration.  Appellant did not file post-sentence motions or a direct appeal.

On November 2, 2015, Appellant filed *pro se* a motion to correct illegal sentence, which the lower court treated as a PCRA petition.  Counsel was

*Retired Senior Judge assigned to the Superior Court.

appointed and on December 8, 2015, following briefs from both parties, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Rule of Criminal Procedure 907.

On December 14, 2015, Appellant's counsel filed an amended PCRA petition. On April 26, 2016, the court heard argument on Appellant's amended petition and, on June 13, 2016, the PCRA court issued a memorandum and order denying the petition as untimely-filed. This timely-filed appeal followed. The trial court did not order Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), and none was filed.

On appeal, Appellant asks us to consider "[w]hether the PCRA court erred in not scheduling an evidentiary hearing to consider [his] evidence that in compliance with 42 Pa.C.S.[] Section 9545(b)(2) he filed his *pro se* PCRA motion within [60] days of being notified of the United States Supreme Court's June 17, 2013 decision in *Alleyne vs. United States*, 530 U.S. 466 (2013)." Appellant's Brief at 7.

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). We will begin by addressing whether the PCRA court correctly determined that Appellant untimely filed his petition.

Under the PCRA, all petitions must be filed within one year of the date that the petitioner's judgment became final, unless one of three statutory

exceptions applies. 42 Pa.C.S. § 9545(b)(1); ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006). For purposes of the PCRA, a judgment becomes final at the conclusion of direct review. 42 Pa.C.S. § 9545(b)(3). "The PCRA's time restrictions are jurisdictional in nature." ***Chester***, 895 A.2d at 522. "Thus, '[i]f a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims.'" ***Id.*** (quoting ***Commonwealth v. Lambert***, 884 A.2d 848, 851 (Pa. 2005)). We note that although a challenge based on ***Alleyne*** does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." ***Commonwealth v. Miller***, 102 A.3d 988, 995-96 (Pa. Super. 2014).

Appellant was sentenced on June 21, 2013 and had 30 days to file a direct appeal with this Court. Pa.R.A.P. 903(a). He did not do so. Thus, for purposes of the PCRA, Appellant's judgment of sentence became final on July 21, 2013, when the time for filing a direct appeal expired. He therefore had until July 21, 2014, in order to file timely a PCRA petition. 42 Pa.C.S. § 9545(b)(1).

Because Appellant untimely filed his PCRA petition in November of 2015, it is facially untimely and he had the burden of pleading and offering to prove one of the following exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). Moreover, "[a]ny petition invoking an exception provided in [42 Pa.C.S. § 9545(b)(1)] shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant failed to raise any of the aforementioned exceptions in his *pro se* petition. In his amended petition, Appellant, through counsel, avers that the **Alleyne** decision satisfies the exceptions found at 42 Pa.C.S. § 9545(b)(1)(ii) and (iii). Amended PCRA Petition, 12/14/2015, at 5. Further, Appellant asserts that the PCRA court erred in dismissing his amended petition because his *pro se* petition was filed "within 60 days of being notified" of the Supreme Court's decision in **Alleyne**. **Id.**

Appellant's argument is unavailing. As this Court has explained,

[e]ven assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to Appellant's argument regarding the PCRA time-bar.

- 4 -

*Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014).

Further, our Supreme Court has held that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011). Even if the *Alleyne* decision qualified as a newly-discovered fact, it is well-settled that for purposes of PCRA timeliness exceptions, "the sixty-day period begins to run **upon the date of the underlying judicial decision**." *Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (emphasis added). *Alleyne* was decided on June 17, 2013. Appellant did not file his PCRA within 60 days of that decision. We have held that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law." *Commonwealth v. Brandon*, 51 A.3d 231, 236 (Pa. Super. 2012) (quoting *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001)).

Accordingly, because Appellant has failed to plead or prove an exception to the statutory time-bar, we conclude that the PCRA court did not err by denying Appellant's petition. Thus, we affirm the court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/12/2017</u>