J-S28042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DIQUAN EARL WARREN, | : | |
| | : | |
| Appellant | : | No.  1903 WDA 2016 |

Appeal from the PCRA Order December 7, 2016,
in the Court of Common Pleas of Crawford County
Criminal Division at No(s): CP-20-CR-0000687-2012

BEFORE:  OLSON, MOULTON, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                  **FILED JULY 12, 2017**

Diquan Earl Warren (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

On February 25, 2013, Appellant pled guilty to one count of corruption of minors and one count of involuntary deviate sexual intercourse (IDSI). On June 21, 2013, Appellant was sentenced to an aggregate term of 132 to 312 months of imprisonment, which included a mandatory minimum sentence for the IDSI count pursuant to 42 Pa.C.S. § 9718.  Appellant did not file a direct appeal, and his judgment of sentence became final on July 22, 2013.

---

* Retired Senior Judge assigned to the Superior Court.

Appellant filed *pro se* the instant PCRA petition, his first, on July 29, 2016. Counsel was appointed, and on October 10, 2016, an amended petition was filed. Therein, Appellant alleged that his sentence is illegal pursuant to ***Alleyne v. United States***, 133 S.Ct. 2151 (2013)[1] and his plea counsel[2] was ineffective for failing to notify Appellant about ***Alleyne*** within an appropriate timeframe to file timely a post-sentence motion, direct appeal, or PCRA petition. Amended PCRA Petition, 10/10/2016, at 7-8.

On November 16, 2016, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 on the basis that the petition was filed untimely and the court lacked jurisdiction to consider it. Appellant did not file a response, and on December 7, 2016, the PCRA court dismissed the petition. This appeal followed.[3]

Before we can examine Appellant's substantive claims, we must determine whether the filing of his PCRA petition was timely. "[O]ur

---

[1] In ***Alleyne***, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 133 S.Ct. at 2155. Applying this mandate, our Supreme Court held that 42 Pa.C.S. § 9718, the statute that required a mandatory minimum sentence for IDSI, was unconstitutional pursuant to ***Alleyne***. ***See Commonwealth v. Wolfe***, 140 A.3d 651, 653 (Pa. 2016).

[2] The amended petition refers to "trial counsel," but as noted, Appellant pled guilty and did not have a trial.

[3] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925. The PCRA court adopted its November 16, 2016 memorandum in support of its notice to dismiss Appellant's amended PCRA petition as its Rule 1925(a) opinion.

Supreme Court has stressed that '[t]he PCRA's timeliness requirements are jurisdictional in nature and must be strictly construed; courts may not address the merits of the issues raised in a petition if it is not timely filed.'" ***Commonwealth v. Leggett***, 16 A.3d 1144, 1145 (Pa. Super. 2011) (quoting ***Commonwealth v. Abu–Jamal***, 941 A.2d 1263, 1267–68 (Pa. 2008)).

Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that a timeliness exception is met, and raises that claim within 60 days of the date on which it became available. 42 Pa.C.S. § 9545(b)(1) and (2).

Appellant filed his petition three years after his judgment of sentence became final. Thus, his petition is facially untimely, and the PCRA court had no jurisdiction to entertain it unless he pled and offered proof of one or more of the three statutory exceptions to the time-bar. 42 Pa.C.S. § 9545(b)(1).

Appellant alleged the filing of his petition was timely, based on the newly-discovered-fact and new-constitutional-right exceptions to the PCRA time-bar, 42 Pa.C.S. § 9545(b)(1)(ii) and (iii).[4] Amended PCRA Petition,

---

[4] These exceptions to the time bar are as follows:

(b) Time for filing petition.

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the

10/10/2016, at 5. Specifically, with respect to subsection (b)(1)(ii), he avers that his discovery of *Alleyne* is a newly-discovered fact, and he filed his petition within 60 days of discovering that fact. *Id.* at 10. With respect to subsection (b)(1)(iii), he asserts that *Alleyne* is a constitutional right applicable to him because he was sentenced four days after the United States Supreme Court decided *Alleyne*. *Id.* at 5. He echoes these arguments in his brief, contending either exception should apply due to his ignorance of *Alleyne* as a result of his incarceration. Appellant's Brief at 17.

Appellant's petition does not satisfy the PCRA exception for newly-discovered facts. "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth*

---

date the judgment becomes final, unless the petition alleges and the petitioner proves that:

\*\*\*

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)(ii)-(iii), (b)(2).

*v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013). Therefore, **Alleyne**, a judicial decision, is not a "fact" that satisfies section 9545(b)(1)(ii).

Nor does his petition satisfy the PCRA exception for a new constitutional right. As the PCRA court noted, the United States Supreme Court recognized the constitutional right at issue **prior** to Appellant's sentencing, not "'**after** the time period provided in this section,' *i.e.* after his one-year window for filing a petition closed on July 22, 2014." Trial Court Opinion, 11/16/2016, at 3 (citing 42 Pa.C.S. § 9545(b)(1)(iii)) (emphasis added). Thus, by virtue of the plain language of the statute, the after-recognized-constitutional-right exception does not apply to Appellant.

Furthermore, even assuming *arguendo* that the after-recognized-constitutional-right exception did apply, Appellant did not file his claim within sixty days of **Alleyne**'s publication date as required by section 9545(b)(2). Appellant misconstrues the sixty-day period; the applicable "period begins to run upon the date of the underlying judicial decision," not Appellant's discovery of the decision. **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007). Appellant's incarceration or general ignorance of the law does not excuse the sixty-day requirement required to prove the after-recognized-constitutional-right exception. **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa. Super. 2012) (quoting **Commonwealth v. Baldwin**, 789 A.2d 728, 731 (Pa. Super. 2001)) ("Neither the court system

nor the correctional system is obliged to educate or update prisoners concerning changes in case law."); *Leggett*, 16 A.3d at 1145 (same).[5]

Notwithstanding the unconstitutionality of 42 Pa.C.S. § 9718, the statute pursuant to which Appellant received a mandatory minimum sentence, "a legality [of sentence] claim [derived from *Alleyne*] may nevertheless be lost should it be raised ... in an untimely[-filed] PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (quoting *Commonwealth v. Seskey*, 86 A.3d 237, 241

---

[5] In *Baldwin*, *Leggett*, and *Brandon*, this Court held that the after-recognized-constitutional-right exception set forth in subsection (b)(1)(iii) does not apply to petitions filed more than 60 days after the issuance of a decision recognizing a new constitutional right, even if the petitioner filed the petition within 60 days of his learning about the decision through a prison-sponsored seminar or newly-available resource in the prison law library.

We note that our Supreme Court recently recognized that *pro se* incarcerated petitioners have limited access to information of public record while in prison and permitted a *pro se* incarcerated petitioner to avail himself of the newly-discovered-facts exception at subsection (b)(1)(ii), even though the newly-discovered fact was part of the public domain for more than sixty days prior to the filing of the petition. *Commonwealth v. Burton*, 158 A.3d 618 (Pa. 2017). However, in so holding, the Court acknowledged that courts have denied relief to *pro se* incarcerated petitioners under subsection (b)(1)(iii) if they did not file their petitions within 60 days of a decision creating a newly-recognized constitutional right. *Id.* at 636. The Court distinguished the requirements of subsection (b)(1)(ii) from the requirements of subsection (b)(1)(iii), noting that subsection (b)(1)(ii) requires a determination of whether the fact was unknown to the petitioner and whether the petitioner could have ascertained the fact by due diligence, but "subsection (b)(1)(iii) *precludes* consideration of the petitioner's knowledge [of a judicial decision] and an assessment of due diligence." *Id.* (emphasis in original). Therefore, *Burton* has not disturbed the holdings of *Baldwin*, *Leggett*, and *Brandon* to the extent that they rely upon the after-recognized-constitutional-right exception to deny relief.

(Pa. Super. 2014)). Appellant failed to raise his claims regarding illegality of his sentence and ineffective assistance of his counsel in a timely-filed PCRA petition. Thus, under the present state of the law, we are constrained to conclude that we have no jurisdiction to consider the substance of his claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2017