J-S61015-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROLANDO BARBON ZURITA | |
| Appellant | No. 1625 EDA 2017 |

Appeal from the PCRA Order April 26, 2017
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0005792-2004

BEFORE:  LAZARUS, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY LAZARUS, J.:               **FILED OCTOBER 10, 2017**

Rolando Zurita appeals *pro se* from the order, entered in the Court of Common Pleas of Chester County, dismissing his petition as untimely filed under the Post Conviction Relief Act, (PCRA), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On July 25, 2005, Zurita entered an open guilty plea to ten (10) counts of possession with intent to deliver (PWID) and six (6) counts of criminal conspiracy.  The court sentenced Zurita on December 2, 2005 to fifteen (15) to thirty (30) years' imprisonment.  Zurita filed a direct appeal, which this Court dismissed.  On October 11, 2006, Zurita filed a *pro se* PCRA petition alleging ineffective assistance of counsel.  The court appointed

_____

[*] Retired Senior Judge assigned to the Superior Court.

counsel and, on November 17, 2006, the PCRA court granted Zurita's petition seeking leave to file a direct appeal *nunc pro tunc*. Zurita filed a notice of appeal on December 13, 2006; one month later, after consultation with counsel, he withdrew his appeal and, instead, filed a second PCRA petition. On March 6, 2009, the PCRA court granted Zurita's petition, vacated his judgment of sentence, allowed him to withdraw his guilty plea, reinstated the withdrawn charges,[1] and directed the court administrator to list the case for trial.

On May 15, 2009, Zurita again entered a guilty plea, this time negotiated, and the court sentenced him to an aggregate term of imprisonment of fourteen (14) to thirty (30) years' imprisonment. No direct appeal was filed.

Five years later, on June 11, 2014, Zurita filed a *pro se* PCRA petition. The court appointed counsel, and, thereafter, counsel was granted leave to withdraw under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988). On April 13, 2015, after the court had issued a Pa.R.Crim. 907 notice of intent to dismiss and Zurita had filed a response, the court dismissed Zurita's petition as untimely. On appeal, this Court affirmed. ***Commonwealth v. Zurita***, 134

---

[1] In exchange for the open plea, the Commonwealth had agreed to withdraw numerous charges.

A.3d 504 (unpublished memorandum, filed November 25, 2015).[2]   On September 23, 2016, the Pennsylvania Supreme Court denied allowance of appeal.  ***Commonwealth v. Zurita***, 158 A.2d 72 (Pa. 2016).

Before us now is Zurita's second petition, filed on February 7, 2017, which he captioned a petition for habeas corpus, and which the PCRA court properly treated as a PCRA petition.  ***See*** 42 Pa.C.S.A.  § 9542 (PCRA is sole means by which defendant may obtain collateral relief); ***see also Commonwealth v. Fowler***, 930 A.2d 586, 591 (Pa. Super. 2007) (recognizing courts are to construe all motions defendant files after judgment of sentence has become final as PCRA petitions); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) ("[T]he [PCRA] provides the sole means for obtaining collateral review,  and

_____

[2] Zurita argued in that petition that his sentence was illegal under ***Alleyne v. United States***, 133 S. Ct. 2151 (2013) (holding any fact that increases mandatory minimum sentence must be submitted to jury).  We noted that ***Alleyne*** was decided on June 17, 2013, almost one year before Zurita filed his June 11, 2014 petition; thus, Zurita failed to file his petition within 60 days of the ***Alleyne*** decision.  Therefore, it was untimely.  ***See*** 42 Pa.C.S.A. § 9545(b)(2); ***see also Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000) ("[W]hen a PCRA petition [is] entitled to one of the [section 9545(b)(1)] exceptions, but [is] not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of a petitioner's PCRA claim."); ***Commonwealth v. Baldwin***, 789 A.2d 728 (Pa. Super. 2001) (with regard to after-recognized constitutional right, this Court has held that sixty-day period begins to run upon date of underlying judicial decision).

. . . any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition."). The PCRA court determined Zurita's petition was untimely and dismissed it by order dated April 4, 2017. This appeal followed. Zurita raises one issue: whether the PCRA court abused its discretion in dismissing the petition as untimely where a defect in the criminal information vitiates the judgment, eliminating timeliness as a bar?

The PCRA statute directs that any PCRA petition, including a second or subsequent petition, must be filed within one year of the date the underlying judgment becomes final unless the petitioner proves an exception. 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Further, any petition claiming an exception under § 9545(b)(1) must be filed within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). "[T]he PCRA's timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions." *Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (quoting *Commonwealth v. Rienzi*, 827 A.2d 369, 371 (Pa. 2003)).

Here, Zurita was sentenced on May 15, 2009. No direct appeal was filed. His judgment of sentence, therefore, became final on June 15, 2009. Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Absent an exception, Zurita had one year to file his petition, or until June 15, 2010. 42 Pa.C.S.A. §

9545(b)(1).  Zurita asserts that the criminal information was defective in that it failed to specify the specific dates or essential elements of the crimes with which he was charged.  However, he does not assert an exception to the time bar under section 9545(b)(1).[3]

Because Zurita failed to timely file his petition and failed to plead and prove an exception to the time bar under section 9545(b)(1), the PCRA court did not have jurisdiction to address his claims.  We conclude, therefore, that the PCRA court properly dismissed Zurita's petition as untimely.[4]

_____

[3] Section 9545(b) provides:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

[4] To the extent that Zurita attempts to frame his claim as a violation of his constitutional right to due process or as one affecting the jurisdiction of the
*(Footnote Continued Next Page)*

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2017

---

*(Footnote Continued)*

lower court, we note that even had Zurita pled and proved an exception to the time bar, the claim is waived. ***See*** 42 Pa.C.S.A. § 9544(b) ("For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").