J-S02024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JOHN F. PRESTON | : : | |
| Appellant | | No. 1167 EDA 2017 |

Appeal from the PCRA Order February 28, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002375-2014,
CP-15-CR-0002380--2014

BEFORE:  BOWES, J., NICHOLS, J., and RANSOM, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED FEBRUARY 13, 2018**

Appellant John F. Preston appeals *pro se* from the order dismissing his first Post Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant asserts that his petition was timely filed and that he was coerced into providing a blood sample for testing after being stopped for driving under the influence (DUI)[2] in contravention of **Birchfield v. North Dakota**, 136 S. Ct. 2160 (2016).  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 75 Pa.C.S. § 3802.

On October 29, 2014, Appellant entered an open guilty plea to two counts of DUI-highest rate of alcohol[3] based on two separate incidents in which his blood alcohol content (BAC) exceeded .2 percent. In one incident, Appellant submitted to a breath test, and in the other incident, he consented to have a blood sample drawn to test his BAC. Appellant was sentenced on February 13, 2015, to an aggregate sentence of two to six years' incarceration. Appellant did not file a direct appeal from his judgment of sentence.

On June 23, 2016, the United States Supreme Court decided **Birchfield** and held that the Fourth Amendment does not permit warrantless blood tests incident to arrests for DUI. Appellant filed a first *pro se* PCRA petition postmarked August 24, 2016, in which he argued that **Birchfield** announced a newly recognized constitutional right that would afford him relief. The PCRA court appointed counsel from the Public Defender of Chester County to represent Appellant.

On October 27, 2016, PCRA counsel filed a **Turner**/**Finley**[4] petition for leave to withdraw as counsel based upon the untimeliness of Appellant's PCRA petition and Appellant's failure to file his petition within sixty days of the date **Birchfield** was decided. **See** 42 Pa.C.S. § 9545(b)(2). Appellant submitted an affidavit that **Birchfield** was not placed on the prison's computers until

---

[3] 75 Pa.C.S. § 3802(c).

[4] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

July 25, 2016, and that he could not have discovered the case until the prison library was updated. On December 2, 2016, the PCRA court issued a notice pursuant to Pa.R.Crim.P. 907 advising Appellant of its intent to dismiss his petition without a hearing. Appellant wrote a *pro se* response postmarked December 19, 2016, in which he cited the prisoner mailbox rule[5] and claimed that he placed his PCRA petition with prison authorities for mailing on Friday, August 19, 2016, within sixty days of the date **Birchfield** was decided.

In response, the PCRA court directed PCRA counsel to investigate the procedures used for collecting inmate mail at SCI Pittsburgh. Counsel spoke with Rick Sams, the prison's mailroom supervisor. According to Mr. Sams, mail is postmarked the same day it is placed in the prison mailbox unless it is placed in the mailbox after the mail run for that day, which occurs at 11:00 a.m. If mail is placed in the mailbox after 11:00 a.m., it is postmarked the next day. Mail runs are conducted every weekday. **See** PCRA Counsel's Correspondence, 2/23/17, at 2. Thus, counsel opined that if Appellant had placed his PCRA petition "in the block mail on Friday, August 19, 2016, after the mail had been collected by the mailroom that day, it still would have been collected Monday, August 22, 2016 and been postmarked Monday August 22, 2016." **Id.** at 4.

---

[5] **See Commonwealth v. Wilson**, 911 A.2d 942, 944 n.2 (Pa. Super. 2006) (stating that "[p]ursuant to the 'prisoner mailbox rule,' a document is deemed filed when placed in the hands of prison authorities for mailing).

Meanwhile, Appellant filed a *pro se* "Motion Filed for Ineffective Coun[sel]," which was dated February 16, 2017, and sought the appointment of new PCRA counsel. The PCRA court initially scheduled a hearing to determine whether irreconcilable differences existed between Appellant and PCRA counsel that would warrant the appointment of new counsel.

Thereafter, on February 28, 2017, the PCRA court determined that Appellant had not mailed his petition until after August 22, 2016, based upon the mail procedures used at the prison and the postmark of August 24, 2016, on the envelope used to mail Appellant's petition. The PCRA court granted PCRA counsel's petition for leave to withdraw, dismissed Appellant's PCRA petition, and denied Appellant's motion alleging PCRA counsel's ineffectiveness without a hearing. Appellant filed a timely notice of appeal.[6] On April 24, 2017, Appellant filed a timely court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

_____

[6] Because the order dismissing Appellant's PCRA was filed on February 28, 2017, Appellant had until March 30, 2017, to timely file his notice of appeal. **See** Pa.R.A.P. 903(a). Appellant dated his notice of appeal March 28, 2017, and it was postmarked March 29, 2017. Pursuant to the prisoner mailbox rule, the notice of appeal was timely filed, even though it was not filed in the Clerk of Courts until April 3, 2017. Additionally, the notice of appeal was mailed directly to the judge's chambers rather than the Clerk of Courts. However, this does not affect whether the filing is timely. **See** Pa.R.A.P. 905(a)(4) (providing that where a notice of appeal is mistakenly filed in an incorrect office within the unified judicial system, the notice of appeal shall be date-stamped and transmitted to the clerk of court for filing and shall be deemed filed in the trial court on the date originally filed). Accordingly, quashal of the appeal on grounds that the notice of appeal was not timely filed is inappropriate.

Appellant raises the following issues for our review:

1. Should the new substantive rule of constitutional law that **Birchfield** set precedent be applied retroactively to allow Appellant's PCRA?

2. Was Appellant's PCRA denied by Common Pleas Court when it did not consider whether his PCRA was 2 days (of the 60 day limit determined by 42 Pa.C.S.A. § 9545(b)(2)) late in filing because of government interference (Appellant has sworn affidavit signed and notarized by SCI Pittsburgh Law Librarian stating so)?

3. Was Appellant's Court Appointed Counsel's Withdraw Notice (due to lack of merit) wrongfully granted by the PCRA (Common Pleas) Court?

4. Did the PCRA Court err when Appellant wasn't allowed to file an amended PCRA after his Court Appointed Counsel filed her Withdraw Notice (**Finley** Letter)?

5. Did the PCRA Court err when it denied Appellant's Petition for ineffective counsel?

Appellant's Brief at 7.

Our standard of review of the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014).

Before we address the merits of Appellant's claims on appeal, we must determine whether his PCRA petition was timely filed. Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. **See** 42 Pa.C.S. § 9545(b)(1). Exceptions to the timeliness requirement exist, however, as

set forth at 42 Pa.C.S. § 9545(b). The timeliness requirements of the PCRA are jurisdictional in nature, and, accordingly, a PCRA court cannot hear untimely petitions. *Commonwealth v. Robinson*, 837 A.2d 1157 (Pa. 2003).

The three statutory exceptions for a facially untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant was sentenced on February 13, 2015. Because he did not file a direct appeal, his sentence became final for purposes of the PCRA on Monday, March 16, 2015. *See* 42 Pa.C.S. § 9545(b)(3) (stating "judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P.

903(a) (stating that "the notice of appeal . . . shall be filed within 30 days"); *see also* 1 Pa.C.S. § 1908. Accordingly, Appellant would have had until March 16, 2016 to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1) (stating that a PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final"). Appellant's PCRA petition was not postmarked until August 24, 2016, making it facially untimely. Thus, we must determine whether Appellant pleaded and proved an exception to the PCRA time-bar.

Appellant first asserts that his PCRA petition falls under the timeliness exception in 42 Pa.C.S. § 9545(b)(1)(iii) providing for untimely petitions when a new constitutional right is recognized, specifically the right recognized in **Birchfield**. To avail himself of this timeliness exception, Appellant had to file his petition within sixty days of the **Birchfield** decision, or by Monday, August 22, 2016. Even though Appellant's PCRA petition was not postmarked until August 24, 2016, two days after the sixty-day period following the filing of the **Birchfield** decision ended, Appellant argues that he actually deposited his petition with prison authorities on August 19, 2016, which would have been within the sixty-day timeframe.

However, the PCRA court determined that there was a lack of reasonably verifiable evidence that Appellant placed his petition in the prisoner's mailbox on August 19, 2016. Additionally, the court concluded that the prison's mailing procedures refuted Appellant's bare allegation regarding the date on which he deposited his *pro se* PCRA petition with prison officials. Had

Appellant deposited his petition for mailing on Friday, August 19, 2016, it would have been postmarked on August 22, 2016, the following Monday, at the latest. Since Appellant's PCRA petition was postmarked August 24, 2016, it was reasonable for the PCRA court to infer that Appellant did not deposit his petition by Monday, August 22, 2016. Because the PCRA court's determination that Appellant failed to produce reasonably verifiable evidence that he filed his petition within sixty days of *Birchfield* is supported by the record, we have no basis to disturb that finding. *See Spotz*, 84 A.3d at 311.

Even if Appellant's PCRA petition had been filed within sixty days of the *Birchfield* decision, Appellant would not be entitled to relief. In *Commonwealth v. Wilcox*, 174 A.3d 670 (Pa. Super. 2017), this Court noted that "[n]either the United States Supreme Court nor our Supreme Court has held that *Birchfield* is to be applied retroactively to cases like the one herein where the judgment of sentence had become final prior to its disposition." *Id.* at 672. Accordingly, Appellant's claim that *Birchfield* announces a new constitutional right triggering the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(iii) is without merit.

Appellant also asserts that his PCRA petition fell within the timeliness exception under 42 Pa.C.S. § 9545(b)(1)(i) based on governmental interference, specifically, the lack of timely updates in the prison's law library and the lack of access due to a lockdown during the sixty days after *Birchfield* was decided. However, Pennsylvania courts have consistently rejected similar claims. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1095 (Pa. 2010);

***Commonwealth v. Leggett***, 16 A.3d 1144, 1146-47 (Pa. Super. 2011) (citing ***Commonwealth v. Baldwin***, 789 A.2d 728, 731 (Pa. Super. 2001), for the proposition that "[n]either the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law"). Thus, Appellant's assertion of governmental interference under 42 Pa.C.S. § 9545(b)(1)(i) fails.

Lastly, Appellant raises several claims based on PCRA counsel's ineffectiveness. However, our review reveals no genuine issues of material facts considering the untimeliness of Appellant's PCRA petition. Therefore, Appellant's intended claims of ineffective assistance of PCRA counsel warrant no relief.

In sum, we discern no error on the part of the PCRA court in dismissing Appellant's PCRA petition without a hearing based upon untimeliness. For the same reasons, the court did not err in denying Appellant's request to file an amended PCRA or to have a hearing regarding the ineffectiveness of his court-appointed PCRA counsel.

Order affirmed.Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18