J-S72030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BENJAMIN F. SIMMONS | : | |
| | : | |
| Appellant | : | No. 1179 MDA 2018 |

Appeal from the PCRA Order Entered June 7, 2018
In the Court of Common Pleas of Juniata County Criminal Division at
No(s): CP-34-CR-0000273-2014

BEFORE: BOWES, J., SHOGAN, J., and KUNSELMAN, J.

MEMORANDUM BY SHOGAN, J.: **FILED MARCH 11, 2019**

Benjamin F. Simmons ("Appellant") appeals from the order dismissing his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546, as untimely. After careful review, we affirm.

The PCRA court set forth the procedural and factual history as follows:

> On November 17, 2015, [Appellant] accepted a plea agreement pleading guilty to: Possession of Controlled Substance (35 P.S. § 780-113(a)(16)) and DUI: High Rate of Alcohol (75 [Pa.C.S] § 3802(b)), with the Commonwealth dismissing four other charges. [Appellant] was immediately sentenced to 16 to 36 months on the possession charge and 48 hours to 6 months on the DUI, to run concurrently. [Appellant] received a time credit [for time served] from November 29, 2014, making his maximum date November 29, 2017. At the close of [Appellant's] sentencing hearing, [Appellant] was verbally advised of all his post-sentence rights, including [Appellant's] right to file post-sentence motions within 10 days, the right to file an appeal within 30 days, and the right to petition for post-conviction relief within one year of his sentence becoming final. [Appellant] acknowledged his understanding verbally, and then signed a form further acknowledging his post-sentence rights.

[Appellant] filed a PCRA [petition] on September 20, 2017 and PCRA counsel was appointed [on] December 14, 2017. A PCRA hearing was conducted on June 5, 2018, where [Appellant's] PCRA petition was dismissed for untimeliness.

PCRA Court Opinion, 9/7/18, at unnumbered 1. Appellant filed a timely appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

1. Whether the PCRA Court erred in denying [Appellant's] PCRA as untimely believing that the [*pro se*] filing of his PCRA was not amended by prior counsel and thus he was unable to raise the underlying issues that Appellant argues were challenges to be made regarding defenses to his underlying conviction?

2. Whether the PCRA Court erred in not allowing Appellant to present evidence on an illegal search and seizure, chain of custody regarding the evidence and ineffective assistance of counsel by dismissing the PCRA as untimely?

Appellant's Brief at 6.

Our standard of review is well established.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011), *appeal denied,* 615 Pa. 784, 42 A.3d 1059 (2012) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id.*** (citing ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

It is undisputed that a PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. ***Commonwealth v. Murray***, 562 Pa. 1, 753 A.2d 201, 203 (2000). A judgment of sentence "becomes final at the

conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S.A. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

**Commonwealth v. Hernandez**, 79 A.3d 649, 651–652 (Pa. Super. 2013) (footnote omitted).

A PCRA petition filed more than one year after the judgment of sentence becomes final is untimely unless the petitioner invokes one of the following exceptions:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii).

In the instant case, Appellant was sentenced on November 17, 2015. Order, 11/20/15.[1] Appellant did not file post-sentence motions or seek review *via* direct appeal. Therefore, Appellant's judgment of sentence became final on December 17, 2015, thirty days after the trial court imposed the judgment of sentence in open court, and Appellant failed to file a direct appeal with this Court. **See** 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, Appellant had until December 19, 2016, to timely file his PCRA petition.[2] Appellant filed his PCRA petition on September 20, 2017, well beyond the one-year time requirement. PCRA Petition, 9/20/17.

In his brief to this Court, Appellant avers that his petition falls within the exception set forth in 42 Pa.C.S. § 9545(b)(1)(ii). Appellant's Brief at 12. Specifically, Appellant claims that because he was not educated in the law and had to educate himself as to his appellate rights, "he did not discover the facts he wishes to appeal on." **Id**. He further avers that it was not until he "self-schooled" that he became aware of the issues prior counsel should have raised. **Id**. Appellant does not cite any case law supporting his assertion that his lack of legal knowledge, and subsequent self-education, satisfies the newly discovered facts requirement set forth in Section 9545(b)(1)(ii).

---

[1] Appellant was sentenced on November 17, 2015, but the order was not filed until November 20, 2015.

[2] Although Appellant had one year to file his PCRA petition, December 17, 2016, fell on a Saturday; therefore, he had until December 19, 2016, to file a timely appeal. 1 Pa.C.S. § 1908.

It is well established that ignorance of the law will not excuse a petitioner's failure to file a PCRA petition within sixty days of the publication of the case upon which he is relying in the petition. *Commonwealth v. Baldwin*, 789 A.2d 728, 731 (Pa. Super. 2001) ("Neither the court system nor the correctional system is obliged to educate or update prisoners concerning changes in case law."). It is equally well established that a judicial opinion does not qualify as a previously unknown "fact"' capable of triggering the newly-discovered fact exception under the PCRA. *Commonwealth v. Watts*, 23 A.3d 980, 986 (Pa. 2011). Given all of the above, Appellant has failed to prove that his facially untimely PCRA petition falls within any of the exceptions enumerated in 42 Pa.C.S. § 9545(b)(1)(i-iii). Thus, the PCRA court properly dismissed Appellant's untimely PCRA petition.

Moreover, even if Appellant was able to prove that his patently untimely PCRA petition was subject to one of the enumerated exceptions, he would not be eligible for relief. Section 9543(a) of the PCRA sets forth the eligibility requirements for PCRA relief:

> **(a)** **General rule.--**To be eligible for relief under this subchapter, the **petitioner must plead and prove by a preponderance of the evidence** all of the following:
>
> (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
>
> (i) **currently serving a sentence of imprisonment, probation or parole for the crime**;

(ii)   awaiting execution of a sentence of death for the crime;

(iii)  serving a sentence which must expire before the person may commence serving the disputed sentence; or

(iv)  has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing).

42 Pa.C.S. § 9543 (emphases added).

Appellant was sentenced to twelve to thirty-six months of incarceration for the possession conviction and forty-eight hours to six months of incarceration for the DUI conviction, to run concurrently. Order, 11/20/15, at unnumbered 1–2. Neither sentence included a probationary tail. *Id*. Although Appellant was sentenced on November 17, 2015, he was given credit for time served from November 29, 2014. *Id*. at 2. Thus, Appellant's sentence expired on November 29, 2017, and he is no longer serving a sentence on the underlying convictions.

Although Appellant filed his initial *pro se* PCRA petition on September 20, 2017, when he may have been serving his sentence, in order to be eligible for PCRA relief, the petitioner must be "currently serving a sentence of imprisonment, probation or parole." ***Commonwealth v. Ahlborn***, 699 A.2d 718, 720 (Pa. 1997). In ***Ahlborn***, our Supreme Court held that, "as appellant is ineligible for relief because he is not currently serving a sentence, dismissal

of the [PCRA] petition was proper." *Id*. at 721.  For all the foregoing reasons, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2019